*1659
 
 Per Curiam.
 

 This appeal is from a final decree in a mortgage foreclosure. The only errors assigned are that the court erred in the allowance of attorney’s fees and in the granting of a deficiency decree against the receiver of the Flagler Bank and Trust Company.
 

 We have examined the record and do not think either assignment is well supported. There was sufficient predicate for the award of an attorney’s fee and there is no contention or showing that the fee allowed was excessive. As to the granting of a deficiency decree it is contended that such decrees can be granted only against the original mortgagor and that the receiver of the Flagler Bank and Trust Company against whom the deficiency decree was granted, was not the original mortgagor but merely assumed and agreed to pay the note secured by the mortgage which was foreclosed.
 

 The record discloses that the Flagler Bank and Trust Company assumed payment of the note and mortgage brought in question and to all intents and purposes, placed' itself in the position of the original mortgagor. We. do not think the statute now in force, Chapter 11993, Acts of 1927 (Section 5751 Comp. Gen. Laws of 1927) as amended by Chapter 13625, Acts of 1929, Laws of Florida, is susceptible of the interpretation contended for by appellant and the decisions of this Court tend to the contrary view. Exchange Bank of Tampa v. Clark, Ray, Johnson Company, 95 Fla. 734, 116 So. R. 648; Letchworth v. Koon et ux., 99 Fla. 451, 127 So. R. 321.
 

 Affirmed.
 

 Terrell, C. J., and Ellis, and Brown, J. J., concur.
 

 Whitfield, P. J., and Strum and Buford, J. J., concur in the opinion and judgment.