Dorathea H. Simmons *vs.* Reuben B. Gryzmish & others.

Suffolk.    April 11, 1932. — May 20, 1932.

Present: Rugg, C.J., Wait, Sanderson, Field, & Donahue, JJ.

*Equity Jurisdiction,* To reach and apply property not attachable at law, Adequate remedy at law. *Equity Pleading and Practice,* Bill.. *Conflict of Laws. Mortgage,* Of real estate: assumption of mortgage debt by grantee of mortgagor. *Contract,* Construction, Agreement by grantee of real estate to assume mortgage debt of grantor.

The bill, in a suit in equity against the maker of a note secured by a mortgage of land in Florida and against a person to whom the maker had conveyed the land and who had assumed and agreed to pay the mortgage indebtedness, sought to establish the indebtedness of each defendant to the plaintiff for a deficiency on the note remaining after foreclosure of the mortgage; and also sought to reach and apply the

interest of the first defendant in a verdict in his favor, and in any subsequent judgment which he might obtain, in a pending action by said defendant against the other defendant upon another note given by the second defendant to the first defendant and still held by him. Under the law of Florida the second defendant was directly liable at law to the plaintiff upon his agreement to assume and pay the mortgage note. Upon demurrer by the second defendant, it was *held*, that the defendants were not improperly joined in the bill and that the bill was not multifarious.

An agreement, by a grantee of real estate to assume and pay the "mortgage indebtedness . . . evidenced by" certain mortgages of the land, "aggregating . . . [a stated sum which equalled the sum stated as the principal amounts of the notes] . . . all of which mortgages, together with interest from the last payment dates are to be paid by the grantee," included an obligation on the part of the grantee to pay certain attorneys' fees which the grantor, the mortgagor, had agreed in the mortgage notes to pay, in case of default, in addition to the principal and interest of the notes.

BILL IN EQUITY, filed in the Superior Court on July 9, 1929, and afterwards amended, described in the opinion, against Reuben B. Gryzmish, Bernard Gordon and John H. Kenny.

The defendant Gryzmish demurred. The demurrer was heard and ordered overruled by *Lummus*, J. The defendant Gryzmish appealed. The suit thereafter was heard by *Dillon*, J., upon an agreed statement of facts. Material facts and a final decree entered by order of the judge are described in the opinion. The defendant Gryzmish appealed also from the final decree.

The case was submitted on briefs.

*A. K. Cohen, M. E. Bernkopf, & A. H. Grauman,* for the defendant Gryzmish.

*R. S. Wilkins,* for the plaintiff.

SANDERSON, J. This is a bill in equity brought by the holder of three promissory notes secured by mortgages on Florida real estate against the defendant Kenny, the maker of the notes, and two grantees of his who assumed and agreed to pay the mortgage indebtedness and interest. The bill sought to establish the indebtedness of each defendant to the plaintiff, and to reach and apply the interest of Kenny in a verdict and any subsequent judgment which might be obtained by him in an action against Gryzmish

pending in the Superior Court based on certain promissory notes given by him to Kenny and for injunctive relief. The case is here on two appeals by Gryzmish, one from an interlocutory decree overruling his demurrer to the bill of complaint, and the other from a final decree in favor of the plaintiff after a hearing on the merits. The other defendants did not appeal. Gryzmish will hereinafter be referred to as the appellant. After the demurrer was overruled the case was heard on its merits upon an agreed statement of facts.

The bill alleges, in substance, that on April 27, 1925, Kenny made three promissory notes in stated sums, each payable to the order of the plaintiff, and on the same day made two other notes to the plaintiff's order in stated sums. The first three notes were secured by a first mortgage and the other two by a second mortgage on Florida real estate. Each of the notes of the plaintiff signed by Kenny stated the principal sum for which the note was given and the rate of interest, and contained the agreement: "The maker and endorser of this note further agree . . . in case suit shall be brought for the collection hereof, or the same has to be collected upon demand of an attorney, to pay reasonable attorney's fees for making such collection." The principal and interest on two of the notes were paid. Following default in payments of the others, the plaintiff obtained a decree of foreclosure in a court in Florida, pursuant to which the premises were sold on September 5, 1927. Under the decree the net proceeds of the sale were applied on the three notes remaining unpaid, leaving a substantial balance due. Prior to the foreclosure Kenny conveyed the property, subject to two mortgages, to the appellant and Gordon, who by the terms of the deed assumed and agreed to pay an aggregate mortgage indebtedness with interest, a part of which as specified therein being the two mortgages from Kenny to the plaintiff. The trial judge in his decision stated that "The single issue presented for decision is whether the liability of the defendants is to be construed according to the law of Florida or according to the laws of Massachusetts, and if according to the laws of

Florida the defendants Gryzmish and Gordon by accepting from the defendant Kenny the deed dated July 1, 1925, conveying the real estate on West Avenue, Miami Beach, Florida, and known as Bay Court Apartments, became directly liable to the plaintiff for the full amount of the mortgage debt described and assumed in said deed." Apparently the contention of the appellant that his rights are to be determined by the law of Massachusetts has been abandoned for he stated in his brief: "The defendant [meaning the appellant] was liable to the plaintiff under the law of Florida, which presumably would be enforced in the courts of this jurisdiction, on his covenant to assume the mortgage indebtedness [in terms] set forth in the deed from Kenny to the defendant."

The appellant and Gordon made certain promissory notes to Kenny, which have not been paid and are still held by him, and in 1926 Kenny brought an action of contract thereon against the appellant and a verdict was returned for Kenny in 1929. The case was continued for judgment to await the final determination of a counteraction in tort brought by the appellant against Kenny. The bill alleged that neither the notes held by Kenny nor his interest in the action of contract or any judgment which might be entered therein can be reached to be attached or taken on execution in an action at law. The ·prayers of the bill sought to establish the liability of the appellant to the plaintiff, to reach and apply the interest of Kenny in the notes given by the appellant to him and in the verdict rendered in the action thereon and in such judgment as he might eventually obtain, and for injunctive relief. The facts stated in the agreed statement of facts are for the most part like the allegations in the bill. The parties agreed to the amount due on each of the notes, with interest compounded in accordance with the laws of Florida, where the notes were made and are payable, and also to the amount of attorney's fees which are due for collecting the notes.

The decree established the liability of the appellant and,

in case the amounts due were not paid, appointed a special master to sell the interest of Kenny in and to the right of action which is the subject of an action of contract in the Superior Court in Suffolk County in which Kenny is plaintiff and the appellant is defendant.

The only grounds of demurrer argued are that different causes of action against separate defendants were improperly joined in the bill and that the bill is multifarious. The appellant contends that the cause of action against each defendant is legal in its nature and that the remedy should be on the law side of the court. It is undoubtedly true that under the law of Florida the grantees by accepting a deed in which they assume and agree to pay the mortgage indebtedness are liable to the mortgagee in an action at law. *Brownson* v. *Hannah,* 93 Fla. 223, 228. *Ackley* v. *Noggle,* 97 Fla. 640. We are of opinion, however, that the allegations by which the plaintiff is seeking to reach and apply the liability of the appellant to Kenny in the pending action at law and the prayers for injunctive relief in connection with that action state sufficient ground for relief in equity. The apparent purpose of the bill was to collect an indebtedness on three notes and to that end the allegations and prayers are directed. See *Coram* v. *Davis,* 209 Mass. 229, 248. The order overruling the demurrer was right.

The only other question argued by the appellant is that the judge erred in including attorney's fees in the amount of the indebtedness for which he is liable. It has been agreed by the parties that to secure the payment of the first three notes for $25,000 each Kenny, on April 27, 1925, by an instrument duly recorded, mortgaged to the plaintiff certain real estate in Florida more particularly described in the agreement, and to secure the payment of the notes for $15,000 and $10,000 Kenny on the same date by an instrument in writing, duly recorded, mortgaged to the plaintiff the same real estate; but this latter mortgage was subordinate to and inferior in dignity to the former mortgage. No copy of either of these mortgages appears in the record. The parties have also agreed as to the amount due

on each of the three mortgages which have not been paid including therein the reasonable amount for attorney's fees for collecting the respective notes. The appellant's contention is not that the attorney's fees were not a part of the amount due on the notes nor that the defendant would not have been bound to pay them to the plaintiff if he had agreed to do so, but that the agreement to assume a certain mortgage indebtedness "aggregating the sum of $200,000.00, said mortgage indebtedness being evidenced by . . . [two mortgages each in the sum of $50,000 and] a mortgage held by Dorathea Hagel Simmons in the sum of $75,000.00, and an additional mortgage held by Dorathea Hagel Simmons in the sum of $25,000.00, all of which mortgages together with interest from the last payment dates are to be paid by the grantee," did not include an obligation to pay attorneys' fees for which the notes secured by mortgages provided. In this contention the appellant must fail. The mortgages which Kenny gave were security for all of the obligations stated in the mortgage notes. The sum of these obligations made the mortgage indebtedness. The reference to the principal sums due was intended to identify the notes and not to exclude from the obligation assumed the promise to pay attorneys in the event which has happened. See *Stadler* v. *Miami Bank & Trust Co.* 100 Fla. 1658. The mortgage indebtedness must be construed to mean the whole liability of Kenny on the notes which the mortgages were given by Kenny to secure.

*Decree affirmed with costs.*