338 So.2d 862 (1976)
Standford BIRNHOLZ, Appellant,
v.
Sidney STEISEL et al., Appellees.
No. 75-1397.
District Court of Appeal of Florida, Third District.
October 12, 1976.
Rehearing Denied November 8, 1976.
Stephens, Thornton & Schwartz, Miami, and James A. Daugherty III, for appellant.
Shapiro, Fried, Weil & Scheer and Richard A. Daar, Miami Beach, for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
HENDRY, Judge.
Appellant, plaintiff below, appeals an order of the trial court dismissing his complaint entered pursuant to appellees' defendants below, motion to dismiss.
On November 10, 1972, appellant filed a complaint, subsequently amended, against appellees seeking recovery for certain attorney fees. On December 3, 1974, appellees moved to dismiss the complaint, case no. 72-23332 in the circuit court, for want of prosecution. This motion was denied, and on January 10, 1975, appellees filed an interlocutory appeal from the order denying *863 their motion. On May 20, 1975, this court entered an opinion reversing the order of the trial court. Appellant's petition for rehearing was denied on June 18, 1975. Thereafter, appellant filed a petition for writ of certiorari to the Supreme Court of Florida asserting conflict jurisdiction. To date, this petition remains pending and undisposed of by the Supreme Court.
On May 2, 1975, appellant filed another complaint, case no. 75-14039 in the circuit court, against appellees setting forth identical causes of action to those in his previous amended complaint. Thereafter, on May 22, 1975, appellees filed a motion to dismiss this latter complaint. On August 14, 1975, the trial court entered an order granting appellees' motion to dismiss on the grounds that the prior complaint in case no. 72-23332 was still pending and, because identical issues and parties were present, the latter complaint in case no. 75-14039 should be dismissed. From this order, appellant appeals.
Appellant contends that the trial court erred in dismissing the complaint in lieu of temporarily abating the action until a determination by the Supreme Court of Florida of the prior pending action. Appellee contends to the contrary.
It is a well settled general principle of law that the pendency of a prior action in a court of competent jurisdiction will abate a later action or suit commenced in the same court or another court of like jurisdiction, if the parties are the same and both suits are predicated on the same cause of action. See 1 Am.Jur.2d, Abatement, Survival and Revival §§ 5-44; and 1 Fla. Jur. Abatement and Revival, §§ 5-8. In light of this general principle and based on the facts of this case, in our opinion the trial court erred in entering its order dated August 14, 1975, dismissing case no. 75-14039, rather than abating it.
We have considered the record, all points in the briefs and arguments of counsel in the light of the controlling principles of law, and have concluded that reversible error has been demonstrated. Therefore, for the reasons stated, the order appealed is reversed.
Reversed.