PER CURIAM.
The sole issue herein is whether the trial court properly dismissed an information filed during the pendency of an appeal from a prior dismissal of an indictment on the same charge as laid in the information. The trial court dismissed the action rather than abate it pending the disposition of that prior appeal; and the distinction becomes important because of speedy trial complications arising out of the terms of the speedy trial extension granted by the trial court because of the instant appeal. We think the court should have abated the action, so we reverse.
Since the question herein is jurisdiction over the subject matter, we see no difference in the premises between a criminal case and a civil case. In Bimholz v. Steisel,[1] a civil case, our sister court in the Third District held under similar circumstances that the action should have been abated rather than dismissed. There, a dismissed complaint was reinstated by that court and the losing parties sought certiora-ri in the Supreme Court. Pending determination of that certiorari, the plaintiff filed another complaint in the trial court setting forth identical causes of action against the identical defendants. We agree with our sister court that abatement was appropriate.
In view whereof, the order appealed from should be, and it is hereby, reversed.
McNULTY, Acting C. J., and GRIMES and OTT, JJ., concur.

. 338 So.2d 862 (Fla. 3d DCA 1976).