390 So.2d 1248 (1980)
Jackie O'Neal ADAMS et al., Appellants,
v.
Walter D. FISHER and Redwing Carriers, Inc., Appellees.
No. UU-56.
District Court of Appeal of Florida, First District.
December 16, 1980.
*1249 John L. Myrick of Myrick & McKenzie, Pensacola, for appellants.
Artice L. McGraw and P. Michael Patterson, Pensacola, for appellees.
SHIVERS, Judge.
This appeal is from an award of attorney's fee by the trial court in Escambia County. This Court's earlier case of Sohn v. Brockington, 371 So.2d 1089 (Fla. 1st DCA 1979) was heavily relied upon by the trial judge and both counsel on appeal.
On April 10, 1978, Jackie O'Neal Adams was injured in an automobile accident. Adams retained attorney Artice McGraw for legal representation. McGraw and Adams signed a contingent fee agreement. On May 9, 1978, Mr. Adams, through his attorney Mr. McGraw, filed suit against Walter D. Fisher and Redwing Carriers, Inc. McGraw filed some interrogatories, a request for admissions, took depositions, and directed correspondence to various individuals to determine certain facts in an effort to prepare the case for trial. On approximately September 21, 1978, Mr. Adams notified *1250 Mr. McGraw that he had decided to discharge him, apparently without cause. On that same date, Mr. Adams consummated a contingent fee agreement with attorney John L. Myrick. This agreement contained a clause providing for a fee equal to one third of the recovery, if the case was settled out of court.
Attorney McGraw filed a motion to establish an equitable charging lien on the proceeds of any settlement or award which was granted. Shortly thereafter, an out-of-court settlement for $60,000 was reached. Under the Myrick-Adams agreement, Mr. Myrick was to receive one third or $20,000 of this amount. In January of 1980, the trial judge conducted a hearing to determine the amount of fees to award attorney McGraw. Mr. McGraw presented expert testimony arguing that his work was worth at least 40% of the $20,000 fee, or $8,000. The 40% recovery was based on attorney McGraw's securing of the medical report indicating Mr. Adams' disability. This was characterized as a cornerstone of the case. Mr. Myrick presented expert testimony indicating that first attorney McGraw was entitled to compensation for between eighteen and twenty hours of work at a rate of $55 per hour, or a maximum of $1,100.
The parties agreed that whatever amount was to be awarded would have to be based on a quantum meruit basis. The trial judge so found and awarded Mr. McGraw $4,000, but the fees were ordered to be paid out of Mr. Myrick's contingency fee. This order superseded the earlier order establishing a lien for attorney McGraw's fees against the amount recovered by judgment or settlement. The Appellants in this case, represented by Mr. Myrick, have presented two issues. They contend the court erred in awarding Mr. McGraw's fees as a part of Mr. Myrick's total contingency fee, and that the court erred in not awarding a substantially lesser amount than $4,000.
Initially, we note that Mr. Adams had the absolute right to discharge his attorney, Mr. McGraw, at any time with or without cause despite the existence of a contingent fee agreement. A client has the right to discharge his counsel at any time. Levin v. Rosenberg, 372 So.2d 956, 958 (Fla. 3rd DCA 1979) reh. denied; Sohn v. Brockington, supra, at 1093 (Fla. 1st DCA 1979) reh. denied. "The reason for discharge is simply not relevant ... since it is an implied condition of the contract that the client may terminate at will." Sohn, supra, at 1093.[1]
Upon discharge, the attorney has no right to collect his contingent fee. His fee is to be determined on a quantum meruit basis. Sohn, supra, at 1093. To allow the discharged attorney to collect his contingent fee would be inequitable. It might cause the client to pay an excessive fee without receiving the full benefits of counsel in violation of the Florida Code of Professional Responsibility DR 2-106(A). This is demonstrated by the case of Rhoades v. Norfolk & Western Railway Co., 78 Ill.2d 217, 35 Ill.Dec. 680, 399 N.E.2d 969 (Ill. 1979). Rhoades was injured while working for a railway company. He signed a 25% of recovery contingent fee agreement with an attorney to sue the railway company. Later the same day, he contacted the attorney and, without giving any reason, announced that he had decided not to sue. The attorney attempted to collect the 25% fee even though the only apparent work he had completed on the case was the completion of the form contingent fee agreement. A 25% fee for the discharged attorney in Rhoades would have been excessive.
The discharged attorney has the option of collecting his fee immediately based upon a quantum meruit basis or deferring his attempts to collect his fee until *1251 completion of the underlying litigation. Sohn, supra, at 1094. If he waits until completion of the litigation, his recovery could still be based on quantum meruit or on a percentage basis utilizing quantum meruit principles. The court would view the discharged attorney's impact on the actual outcome of the litigation, and this becomes an essential factor which must be considered in determination of his fee. Id. The court must fix the fee on a quantum meruit basis and may not fix it on a percentage basis, if the client objects to the percentage lien. Sohn, supra, at 1094.
In the case under consideration, Mr. McGraw opted to wait until completion of the underlying tort action. At the completion of the trial, a fee of $4,000 was fixed by the trial judge. The trial judge based his order on the principles of quantum meruit. It has been stated that "the fee fixed must bear a just relation to the prevailing philosophy with reference to the value of the lawyers' services and must bear some relation to the results secured." Levin, supra, at 958. Additionally, the trial court must consider the impact that the discharged attorney's work had on the case.
An appellate court's function in reviewing an award of fees is to determine that the trial judge did not abuse his discretion and that his decision is based on substantial competent evidence. Sunrise v. West Broward Utilities, 311 So.2d 175 (Fla. 4th DCA 1975) reh. denied; Stadler v. Miami Bank & Trust Co., 100 Fla. 1658, 132 So. 648 (1931); Accord Tobias v. King, 84 Ill. App.3d 998, 40 Ill.Dec. 400, 406 N.E.2d 101, 104 (1980) (case involves contingency contract). We note that the trial judge specifically stated in his order that he considered the principles in Sohn v. Brockington, and the record. He heard expert testimony concerning the amount of fees and reviewed a detailed and explicit affidavit of services rendered by Mr. McGraw. He also was intimately aware of the work undertaken by all of the attorneys in this case, because he presided over all phases of the trial. We find that there was substantial competent evidence to support the award by the trial judge based on the test stated above.
However, it was error to assess the fee of the discharged attorney out of the fee recovered by the substituted attorney. Sohn, supra, at 1094. We noted in Sohn that:
The adoption of a rule limiting an attorney's action exclusively to quantum meruit is unlikely to result in the wholesale discharge of attorneys by clients shopping for the least expensive fees. The clients who do so run the risk of being twice exposed to fees, once, to the discharged attorney for the reasonable value of services, which could conceivably be in excess of the contingent fee recovery, and again to the substituted attorney on the contract.
Id., at 1094.
Thus, the trial judge should have required Mr. Adams to pay Mr. Myrick his full contingent fee in accordance with their contract, and Mr. Adams should be required to pay Mr. McGraw for the quantum meruit value of his services. Such a rule insures the right of a client to discharge an attorney at any time with or without cause, but it also makes the client responsible for his actions. A client may end up paying fees in excess of the original contingent fee, once to the discharged attorney in quantum meruit and again to the substituted attorney on a new contingent fee contract. "Such payment, ..., should certainly operate as a self-limiting factor on the number of attorneys so discharged." Fracasse, supra, 6 Cal.3d at 791, 494 P.2d at 13-14, 100 Cal. Rptr. at 389-390. Although it was not done here, a client could contract to pay second attorney a contingent fee less the fee due first attorney.
Therefore, we affirm in part, but we reverse and remand to the trial judge for amendment of his order not inconsistent with this decision.
ERVIN and LARRY G. SMITH, JJ., concur.
NOTES
[1] See, also Fracasse v. Brent, 6 Cal.3d 784, 791, 494 P.2d 9, 13, 100 Cal. Rptr. 385, 389 (1972), citing Martin v. Camp, 219 N.Y. 170, 114 N.E. 46 (1916). Inherent in the attorney-client relationship is the underlying foundation that holds that a client must rely almost entirely upon an attorney's good faith in defending and protecting the client's legal rights. Once the client's good faith reliance is lost, for whatever reason, this should be sufficient cause for discharge of the attorney. Fracasse, Id.