WIGGINTON, Judge.
Appellant appeals the trial court’s final order of dismissal of her action against appellees. We reverse and remand for further proceedings.
Appellant originally filed a wrongful death action against appellees in the Eighth Judicial Circuit in 1986. Her complaint in that case was dismissed without prejudice due to her failure to comply with the case management conference order. On July 16, 1987, she appealed the dismissal order to this court. This court dismissed that appeal in April 1988 for failure to prosecute.
Also on July 16, 1987, appellant filed the identical complaint as was involved in the above case in the same judicial circuit. The case was randomly assigned to a different division of the circuit. The record shows that the Eighth Judicial Circuit has adopted Administrative Order No. 1.650 providing that counsel for both parties have a duty to inform the chief judge of the circuit and opposing counsel of any cases in the circuit which either have been terminated and refiled without substantial change in issues or involve substantially the same parties or issues. Neither counsel for appellant nor counsel for appellees informed the chief judge of the Eighth Judicial Circuit that the complaint filed in July 1987 involved the same case as the 1986 complaint. Ap-pellee , Partsco later asserted that it was unaware of the filing of the 1987 case since it was never served with a copy of that complaint. The record shows that in August 1987, appellant obtained a default judgment in regard to the 1987 complaint against appellee Partsco for failure to file any papers in the suit.
On July 19, 1988, in an effort to determine whether appellant had re-filed her suit following this court’s April 1988 dismissal of the appeal, Partsco discovered, allegedly for the first time, that the 1987 complaint had been filed. Thereupon, Part-sco moved to dismiss the 1987 suit for failure to prosecute. Upon reviewing the record and discovering the above procedural quagmire, the trial judge entered a “Sua Sponte Order Dismissing Complaint” upon a determination that appellant’s counsel had abused the process and violated local Administrative Order 1.650 in filing the appeal simultaneously with re-filing the action against appellees in the same judicial circuit without informing the chief judge. The dismissal was without prejudice to appellant to seek leave from the judge assigned to the 1986 case to file an amended complaint since the dismissal of the original complaint was without prejudice.
Meantime, Partsco had filed a motion to set aside the 1987 default on the ground that Partsco was never served with the 1987 complaint. Partsco also suggested that the trial court did not have jurisdiction of the 1987 case anyway since, at the time of the filing of the 1987 complaint, appellant had also filed an appeal in the identical suit thus divesting the circuit court of jurisdiction. Appellant then appealed the sua sponte order dismissing her complaint. In December 1988, this court entered an order temporarily relinquishing jurisdiction of the cause to the circuit court for entry of an order “as may be necessary” (1) vacating and setting aside the sua sponte order dismissing the complaint and reinstating the 1987 complaint or (2) consolidating the 1986 and 1987 cases and accepting the 1987 complaint as a continuation of the 1986 case. In response, in February 1989, the trial court vacated the sua sponte order dismissing the 1987 complaint and reinstated that complaint. In May 1989, this court entered an order dismissing the appeal as moot and directing that proceedings in the trial court continue on the amended complaint. How *377 ever, in July 1989, the trial court entered an order granting Partsco’s motion to dismiss the suit on the ground that since this court had exclusive jurisdiction of the 1986 case due to the pending appeal at the time the 1987 identical case was filed, the trial court had no jurisdiction over the case. Thereafter, he entered the appealed final order of dismissal.
We reverse the final order of dismissal. The prior proceedings leading to the trial court reinstating the 1987 complaint and this court dismissing the second appeal in this matter as moot, have resolved in appellant’s favor the question of whether the filing of the 1987 complaint invoked the jurisdiction of the circuit court. Thereby, the filing of the 1987 complaint has been deemed valid. The pendency of the appeal from the order dismissing the identical 1986 complaint merely abated the 1987 action after the filing of the 1987 complaint. See Birnholz v. Steisel, 338 So.2d 862 (Fla. 3d DCA 1976). The trial court’s ruling to the contrary in the appealed order was error. Therefore, at this juncture, the parties have been returned to their status immediately after the filing of the 1987 complaint on July 16,1987 at 3:24 p.m. at which time the action was abated due to the pending appeal. Any further record activity in the case prior to this court’s May 1989 dismissal of the case as moot, including the August 1987 default judgment, is rendered a nullity due to the abatement.
Therefore, we reverse the appealed order and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
SHIVERS, C.J., and BARFIELD, J„ concur.