PER CURIAM.
Having considered the briefs and oral argument in this case, we find that the court below lacked jurisdiction over Mark Avera’s claim for attorney’s fees. Accordingly, we quash the orders issued below in which the lower court found that it had jurisdiction and required appellants to post a bond.
Attorney Mark Avera represented the guardianship of Alan E. Potter in a per *1157 sonal injury action filed in Alachua County, which is in the Eighth Judicial Circuit. Several months into his representation, the guardian discharged Avera and substituted appellants DeLoach and Carman as counsel in the action. Avera then filed a charging lien in the case, asserting joint and several liability against all parties for his fees and costs in the tort action. Avera represented to appellants that the lien consisted of $70,000 for attorney’s fees and $9,000 for costs. Subsequently, appellants negotiated a settlement in the case. At that time, another attorney who represented the guardian with regard to guardianship matters filed a petition for approval of the settlement, the terms of which were to remain secret. The petition was filed not in Alachua County, but in the court in which the guardianship was established, i.e., Dixie County, which is in the Third Judicial Circuit. The Dixie County court approved the settlement as reasonable. Shortly thereafter, the Alachua County court dismissed the personal injury action with prejudice and expressly reserved jurisdiction “to consider the issues of any liens of record for costs and fees against any settlement proceeds.”
Following dismissal of the Alachua County personal injury action, discharged counsel Avera did not pursue his charging ■lien. Instead he filed two motions in the Dixie County court, styled as in regard to the guardianship.[1] -Avera’s unsworn “Motion to Apportion Contingent Attorney’s Fees,” alleged a “fee dispute” with appellants and requested that the court enter an order dividing between himself and appellants the attorney’s fees paid appellants in the personal injury action. The motion alleged that Avera was entitled to a substantial portion of the attorney’s fees paid to appellants because of the significant benefit conferred in the case by his efforts before his discharge. Avera also filed an unsworn motion requesting that, pending the outcome of the attorney’s fee issue, the court require appellants to post a bond of $870,000, which he believed to be the attorney’s fee charged by appellants in the personal injury action. Neither motion informed the Dixie County court of Avera’s charging lien pending in the Alachua County court.
Appellants entered a limited appearance to challenge the Dixie County court’s jurisdiction, and after a hearing on Avera’s motions, at which only legal argument was presented, the court issued two orders. In the first, the court found that it had approved the settlement of the personal injury action, out of which settlement appellants had sought contingent attorney fees, and thus-the court had jurisdiction to determine what amount, if any, of the attorney’s fee should go to discharged counsel Avera. The court stated that it had an interest in protecting the incapacitated party by limiting responsibility for attorney’s fees to the amount of the contingent fee. The second order required that appellants deposit $870,000 into the court registry or post a bond in that amount. The lower court erred in issuing both orders. - '■
When Avera was discharged as counsel representing the guardianship in the personal injury case, he had two methods by which he could seek payment of fees due him. He could file a separate action or file a charging lien in the personal injury litigation. See Brown v. Vermont Mut.Ins. Co., 614 So.2d 574 (Fla. 1st DCA 1993); Litman v. Fine, Jacobson, Schwartz, Nash, Block & England, P.A., 517 So.2d 88 (Fla. 3d DCA 1987), review denied, 525 So.2d 879 (Fla.1988); de la Cruz v. Brown, 338 So.2d 245 (Fla. 3d DCA 1976). Avera clearly chose the latter course of action when he filed a charging lien in the personal injury action in the Alachua County court. It was that court that expressly reserved jurisdiction over *1158 Avera’s lien; it is in that court that the charging lien remains pending; and it is that court that has jurisdiction over Av-era’s claim for attorney’s fees. The Dixie County Court was mistaken in finding that it had a cause or claim pending before it. Thus, it erred in assuming jurisdiction to determine the attorney’s fee issue, and the court lacked jurisdiction to issue an order requiring that appellants post a bond.
In dispute of Avera’s claim to a share of appellant’s attorney’s fees in the personal injury litigation, both below and on appeal appellants relied on Adams v. Fisher, 390 So.2d 1248 (Fla. 1st DCA 1980), a case to which Avera did not respond until questioned by this court at oral argument. In Adams, just as in this case, the discharged counsel filed a charging lien against the proceeds of any settlement in the personal injury action in which he had represented the plaintiff. After subsequent counsel negotiated a settlement in the case, the court determined, after a hearing on the lien, that discharged counsel was entitled to compensation; the court ordered that such fees be paid from substitute counsel’s contingency fee. On appeal, this court acknowledged that clients have the right to discharge their attorneys and that upon discharge, attorneys may pursue collection of fees. We held, however, that it was error for the lower court to assess the discharged counsel’s fee out of the fee recovered by the substituted attorney. Adams, 390 So.2d at 1251. In so holding, this court relied on Sohn v. Brockington, 371 So.2d 1089, 1093 (Fla. 1st DCA 1979), cert. denied, 383 So.2d 1202 (Fla.1980), which held that it is the client who bears the financial burden when discharging counsel:
[T]he adoption of a rule limiting an attorney’s action exclusively to quantum meruit is unlikely to result in the wholesale discharge of attorneys by clients shopping for the least expensive fees. The clients who do so run the risk of being twice exposed to fees, once, to the discharged attorney for the reasonable value of services, which could conceivably be in excess of the contingent fee recovery, and again to the substituted attorney on the contract.
Accordingly, it is clear under Adams that Avera has no claim against the fees collected by appellants in the personal injury action.
Avera chose his remedy when he filed a charging lien in the personal injury litigation in Alachua County, and the Dixie County court in which he sought an alternative remedy to his pending lien lacked jurisdiction to consider his claim. For the reasons discussed above, we quash the orders of the lower court.
BOOTH, MINER and VAN NORTWICK, JJ„ CONCUR.

. Avera styled the pleading as "In Re: The Guardianship of Alan Potter.” Thus, on appeal the guardianship is the named appellee even though the guardianship is not represented in this appeal.