817 So.2d 1023 (2002)
Samuel L. HELLER, P.A., Appellant,
v.
Michael J. HELD; Robert T. Held, Jr.; Stephen Held; Maureen Martin; Mary L. Pace; Kathryn Sanchez; Judith Stamm; Robert T. Held, Sr.; Louise K. Held; and Darcy Partnership, Ltd., a Florida limited partnership, Appellees.
No. 4D01-435.
District Court of Appeal of Florida, Fourth District.
June 5, 2002.
*1024 Samuel L. Heller, Fort Lauderdale, for appellant.
Gary M. Farmer, Jr., of Gillespie Goldman Kronengold & Farmer, P.A., Fort Lauderdale, for appellees.

ON MOTION FOR CLARIFICATION
STEVENSON, J.
On appellant's motion for clarification, we withdraw our prior opinion and issue the following in its place, clarifying that our intent is to reverse not only the final summary judgment in favor of the defendants, but also the trial court's denial of Heller's motions for partial summary judgment on the issue of liability and for judgment on the pleadings.
This is an appeal from a final summary judgment entered in favor of the defendants in an action involving an attorney's charging lien. We reverse.

The underlying action
Attorney Samuel Heller was retained by Thomas Held to represent him in a business dispute involving appellees, various members of Held's family. Suit was filed in early 1995. Before the litigation was resolved, Held discharged Heller and, thereafter, the court permitted Heller to withdraw from the representation, reserving jurisdiction to entertain any petition for charging lien that Heller might file. In February of 1996, Held and his family settled the suit and dismissed the case without providing Heller notice. After learning of the dismissal, Heller filed a "Notice of Attorney's Charging Lien" and a "Motion to Establish and Enforce Attorney's Charging Lien." Heller pursued his charging lien against his former client, Thomas Held, and obtained a final judgment against him. In that final judgment, the court determined that Heller had satisfied all the requirements for imposition of an attorney's charging lien, including notice, citing the provision for a charging lien in the fee contract and the language in Heller's motion to withdraw indicating his intent to file a charging lien.

The instant lawsuit
When Heller was unable to collect on the judgment against Thomas Held, Heller filed the instant action, a separate lawsuit against Held's family, i.e., the defendants in the 1995 litigation. The complaint alleged all of the previously discussed details of the underlying action. In addition, Heller alleged that despite notice of the charging lien via his motion to withdraw and the order authorizing his withdrawal, the defendants paid Thomas Held $15,000 in cash and transferred title to an apartment home *1025 valued at $250,000, without providing Heller notice. Heller contended that the defendants' payment of the settlement proceeds to Held and their failure to provide him with notice of the settlement or to make provision for the payment of his attorney's fees rendered them jointly and severally liable for his more than $55,000 in fees and more than $5,000 in costs.
Both sides then sought the entry of summary judgment in their favor. For his part, Heller contended that, as a matter of law, the defendants were jointly and severally liable for the reasonable value of the legal services he provided Thomas Held. The defendants took the position that Heller had failed to timely give notice of the charging lien and, thus, that summary judgment in their favor was appropriate. The trial court sided with the defendants. In the order of summary judgment, the court found that Heller had not timely given notice of the charging lien because the order authorizing his withdrawal and reserving jurisdiction on the charging lien issue stated only that "[t]he Court does hereby reserve jurisdiction for the purpose of entertaining a petition to establish and enforce charging lien that Movant Samuel L. Heller, P.A. may elect to file herein at the conclusion of this civil action" (emphasis added). According to the trial judge, what Heller should have done was to "either immediately file[ ] a charging lien upon his withdrawal from the case, or ... include[ ] language in the Order Authorizing Withdrawal of Counsel that put the parties on notice that he would seek reimbursement of his fees from any potential settlement or recovery" (emphasis added). In addition, the trial court found that Heller's suit was barred because if he wanted to seek payment of his fees from the defendants, he was required to pursue such remedy in the 1995 charging lien proceedings. On appeal, Heller challenges both of these findings.

Judicial recognition of the attorney's "charging lien"
"An attorney's charging lien is an equitable right to have costs advanced and attorney's fees secured by the judgment entered in the suit wherein the costs were advanced and the fee earned." Zimmerman v. Livnat, 507 So.2d 1205, 1206 (Fla. 4th DCA 1987). While the parties are free to settle their dispute amongst themselves and without the participation of their attorneys, any settlement without notice to a party's attorney and without payment of the attorney's fee "is a fraud on them whether there was an intent to do so or not." Miller v. Scobie, 152 Fla. 328, 11 So.2d 892, 894 (1943). Consequently,
if a party ... holding such proceeds of the recovery or settlement pays it to the client with notice to or knowledge of the client's attorney who is claiming a fee and a charging lien without protecting the attorney's interests, that party ... may nevertheless be held liable, jointly and severally with the attorney's client, for the amount of the client's attorney's fees and costs.
Brown v. Vermont Mut. Ins. Co., 614 So.2d 574, 580-81 (Fla. 1st DCA 1993).

Timely notice of the charging lien
The primary issue in this appeal is whether attorney Heller timely gave the defendants notice of his claim of charging lien. "There are no requirements for perfecting a charging lien beyond timely notice." Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom, 428 So.2d 1383, 1385 (Fla.1983). "In order to give timely notice of a charging lien an attorney should either file a notice of lien or otherwise pursue the lien in the original action." Daniel Mones, P.A. v. Smith, 486 So.2d 559, 561 (Fla.1986). In order to be "timely," notice of an attorney's charging lien must be filed "before the lawsuit has *1026 been reduced to judgment or dismissed pursuant to settlement." Brown, 614 So.2d at 580; see also Citizens & Peoples Nat'l Bank of Pensacola v. Futch, 650 So.2d 1008, 1015 (Fla. 1st DCA 1994)("The attorney's charging lien must be filed before the case goes to final judgment or is dismissed."), review denied, 660 So.2d 712 (Fla.1995).
In the instant case, on January 19, 1996, Heller filed his motion to withdraw, asserting that, pursuant to the fee contract, he was entitled to a charging lien on the plaintiffs interest in the action and asking the court to reserve jurisdiction to entertain a petition to establish and enforce a charging lien that "Movant Samuel L. Heller, P.A. will file herein at the conclusion of this civil action." This motion was served on the defendants' counsel. On January 25, 1996, the court rendered its order authorizing Heller's withdrawal and reserving jurisdiction to entertain any petition to establish and enforce charging lien that Heller "may" file. Then, on February 6, 1996, the defendants and Thomas Held settled the suit. On May 21, 1996, the litigation between Thomas Held and the defendants was dismissed with prejudice, and the court reserved jurisdiction for a period of twenty days to hear any petitions to establish and enforce a charging lien. On June 10, 1996, within the twenty-day window, Heller filed a notice of charging lien. We believe that both the language in Heller's motion to withdraw and the language in the order authorizing such withdrawal, referencing Heller's intent to pursue a charging lien, were sufficient to provide the defendants timely notice. Moreover, we reject the trial court's suggestion that the order authorizing withdrawal was legally insufficient to put the defendants on notice that Heller intended to pursue a charging lien because the order used the word "may" instead of "would" or "will."

Election of remedies
In addition to finding that the defendants were entitled to summary judgment due to Heller's failure to provide timely notice, the trial court also found that Heller was required to pursue his claim against the defendants in the original 1995 litigation. Heller contends that the trial court's ruling in this regard was, in essence, a ruling that the 1998 suit against the defendants was barred by the doctrine of election of remedies. The appellees concur in this notion, arguing that since Heller has already obtained a judgment against Thomas Held, he could potentially recover twice for the same fees if permitted to pursue his claim against them and, thus, that the trial court correctly found that Heller had elected his remedy. The doctrine of election of remedies is inapplicable here.
"The doctrine of election of remedies is a technical rule of procedure or judicial administration, used by the courts to prevent double recoveries for a single wrong. ... If the two remedies are inconsistent or mutually exclusive, so that one implies negation of the underlying facts necessary for the other, then the mere choice of one remedy and, certainly, the pursuit of one remedy to judgment, operates as an election. However, if the remedies are concurrent or cumulative, and logically can coexist on the same facts, the doctrine of election does not apply until the injured party has received full satisfaction of his [or her] injuries. Or, if the remedies address different and distinct rights or redress different wrongs, the doctrine of election has no application."
Liddle v. A.F. Dozer, Inc., 777 So.2d 421, 422 (Fla. 4th DCA 2000)(quoting Goldstein v. Serio, 566 So.2d 1338, 1339 (Fla. 4th *1027 DCA 1990)) (citations omitted), review denied, 797 So.2d 586 (Fla.2001).
The doctrine of election of remedies has no application where the remedies are concurrent or cumulative. See Williams v. Robineau, 124 Fla. 422, 168 So. 644, 646 (1936)("If the remedies are several and consistent, the election of one does not operate to waive the others."). Rather, "[o]nly full satisfaction of the right asserted will raise an estoppel to the pursuit of consistent remedies." Id. First, there is nothing inconsistent in Heller's pursuit of a charging lien and judgment for the amount of his attorney's fees against his former client and Heller's claim that the settling-defendants are jointly liable for these same fees due to their actions which caused Heller to lose the opportunity to impress the lien upon the actual settlement proceeds. Second, Heller's judgment against Thomas Held has not been satisfied; indeed, the record suggests that the judgment cannot be collected.
For the foregoing reasons, we reverse the trial court's entry of summary judgment in the defendants' favor and also reverse the court's denial of Heller's motions for partial summary judgment and for judgment on the pleadings. We remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
POLEN, C.J., and KLEIN, J., concur.