PER CURIAM.
The state appeals an order dismissing its second petition for Timms’ involuntary civil commitment under the Jimmy Ryce Act, sections 394.910 through 394.931, Florida Statutes (2000), because the state’s appeal of the dismissal of its first petition was still pending. The court determined that pending appeal divested it of jurisdiction to proceed on the second petition. Because the two petitions were identical as to the issues raised, the trial court correctly concluded it could not proceed with the second petition while the appeal of the first was pending. See Birnholz v. Steisel, 338 So.2d 862, 863 (Fla. 3d DCA 1976). However, instead of dismissing the petition, the trial court should have abated it until the conclusion of the first petition’s appeal. See id.; see also English v. Partsco Auto. Supply, Inc., 559 So.2d 375, 377 (Fla. 1st DCA 1990); State v. DeVore, 347 So.2d 753, 753 (Fla. 2d DCA 1977). We therefore reverse the order of dismissal with directions to abate the action until conclusion of the appeal of the first petition.
WARNER, KLEIN and SHAHOOD, JJ., concur.