DYK, Circuit Judge,
concur ring-in-part and dissenting-in-part.
I join the generally well-reasoned majority opinion except for Parts IV. C and V, *926 from which I respectfully dissent. In part IV, the majority concludes that, even though Faro was discharged, he was still entitled to recover from the client fifty percent of the contingent fees under the original agreement with Ross, rather than the quantum meruit value of his services. In turn, says the majority, Ross is only entitled to recover one-half of the contingent fee.
The Florida cases make clear that in an action against the client (State Contracting) Faro, having been discharged by State Contracting without cause, was entitled to recover only the quantum meruit value of his services. See Rosenberg v. Levin, 409 So.2d 1016, 1017 (Fla.1982); Adams v. Fisher, 390 So.2d 1248, 1250 (Fla.Dist.Ct.App.1980). It follows under the Florida cases that Ross, who continued the work, was entitled to recover the remainder of the contingent fee in a suit against the client. See Adams, 390 So.2d at 1251 (finding that where the client discharged the initial attorney, the second attorney was entitled to the contingent fee).
In rejecting this approach, the majority relies on the agreement between Faro and Ross to divide the contingent fee equalty. I fail to see how that agreement can change the result under the Florida cases. The Florida eases recognize that contingent fee arrangements often fail to deal explicitly with the possibility that a retained counsel may be discharged. See Rosenberg, 409 So.2d at 1017; Shupack v. Marcus, 606 So.2d 466, 467 (Fla.Dist.Ct. App.1992); Adams, 390 So.2d at 1250. As noted, the default rule in Florida is that when an attorney is discharged without cause, he is entitled to recover only the quantum meruit value of his services in a suit against the client. I see no reason why agreements among counsel as to the division of fees should be governed by a different default rule, and the Florida cases do not suggest that they are. Moreover, the rule adopted in the Florida cases makes eminent sense. For example, here if Faro had been discharged one day after the agreement was reached and after performing six hours of work under it, it would be unfair in the extreme that Faro should nonetheless receive one-half of the contingent fee when Ross spent years of work fulfilling the service obligations under the agreement with the client. The court in Adams came to a similar conclusion where a client discharged his first attorney, with whom he had a contingent fee agreement, and then hired a second attorney under a separate contingent fee agreement. 390 So.2d at 1249-50. As to the first attorney’s fee, the court held:
Upon discharge, the attorney has no right to collect his contingent fee. His fee is to be determined on a quantum meruit basis. To allow the discharged attorney to collect his contingent fee would be inequitable. It might cause the client to pay an excessive fee without receiving the full benefits of counsel in violation of the Florida Code of Professional Responsibility DR 2-106(A).
Id. at 1250 (internal citation removed) (emphasis added).
Significantly, Faro himself, in seeking dismissal of his charging lien pursuant to the settlement with State Contracting, explicitly agreed that he would only have been entitled to quantum meruit recovery. Reply in Support of Faro’s Petition for Disbursement of Settlement Sum from Court Registry (Doc. 503) at 2 (“Florida law allows a discharged attorney on a contingency case to collect only quantum meruit whereas an attorney employed under a contingency contract gets the full contracted fee.”); id. at 4.
*927 The majority appears to agree that in some circumstances Ross would be entitled to the contingent fee less Faro’s quantum meruit recovery, but suggests that two circumstances here render that result inequitable, namely the advanced stage of the litigation, and Ross’s effort to secure Faro’s discharge. I do not read the decision below as resting on these grounds, nor do the Florida cases suggest that the result should turn on such considerations. In any event, the facts here do not suggest that full recovery by Ross is somehow unfair. While only four months work remained, the work that Ross did without Faro’s assistance was substantial. After Faro was discharged, Ross handled the appellate proceedings in the case, including an oral argument before this court. Ross was also responsible for preparing the case for trial, on the eve of which, the client decided to settle.
Moreover, the desire to terminate the relationship between Faro and Ross was mutual; they simply found it impossible to work together. Here the magistrate judge found that both Faro and Ross had attempted to persuade the client to discharge the other. Faro, for example, privately met with the client to suggest a replacement for Ross. Wfiien that attempt failed, Faro — without the client’s approval — sent Ross a letter purporting to discharge Ross. For his part, Ross gave the client an ultimatum: the client would have to either discharge Faro, Ross, or the both of them. That Ross ultimately prevailed in convincing the client to discharge Faro in this situation should have no bearing on the allocation of fees. Under these circumstances, I see no basis for denying recovery of the full contingent fee to Ross less whatever Faro’s quantum meruit recover should have been (which amount may be significantly different from the amount that State Contracting agreed to pay Faro in settlement).
In summary, I respectfully dissent from Part IV.C. of the majority opinion. In my view, Ross is entitled to the full contingent fee less any quantum meruit recovery to which Faro was entitled. I would remand for a determination of the correct amount of the fee award. As a result, I also dissent from Part V of the majority opinion, as I would vacate the district court’s award of prevailing party fees to State Contracting.