LaROSE, Chief Judge.
Greenberg Traurig, P.A. ("Greenberg") appeals the trial court's final order granting Dr. Jeffrey B. Starling's motion to strike Greenberg's charging lien for lack of jurisdiction. Dr. Starling cross-appeals the same order, challenging the trial court's finding that Greenberg's charging lien was valid. We have jurisdiction. See Fla. R. App. P. 9.030(b)(1)(A) ; 9.110(g). We remand for the trial court to strike from its order the finding that the charging lien was valid. We affirm the order in all other respects.
Factual and Procedural Background
In 2012, Dr. Starling hired Greenberg to represent him in a lawsuit against his former medical partners. During the representation, Dr. Starling and Greenberg began arguing over Greenberg's invoices for legal services. After accruing over $300,000 in unpaid attorneys' fees and costs, Greenberg withdrew as Dr. Starling's counsel in late September 2015. Greenberg transferred its files to Dr. Starling's new counsel, Addison & Howard, P.A. ("Addison").
*864 Thereafter, Dr. Starling and the defendants in the original lawsuit settled the case at mediation. On January 8, 2016, the parties filed a joint stipulation for dismissal with prejudice. They did not notify Greenberg of the mediation, settlement, or dismissal.
Before the dismissal of the original action, Greenberg sent Dr. Starling and Addison several letters. Each letter advised Dr. Starling that Greenberg reserved its right to file and enforce a notice of charging lien. Dr. Starling and Addison received and read the letters; neither responded.
Almost two weeks after the dismissal of the original action, Greenberg filed its notice of charging lien in the original action.[1] Dr. Starling moved to strike the charging lien. In response, Greenberg moved to reopen the underlying case so as to enforce its charging lien. The trial court granted Greenberg's motion, and scheduled an evidentiary hearing to determine whether it had jurisdiction to enforce the charging lien after the voluntary dismissal.
At the hearing, Greenberg argued that the trial court should enforce the charging lien because it had met the requirements for a valid lien. Dr. Starling, however, contended that the trial court lost jurisdiction to enforce the charging lien once the parties voluntarily dismissed the case with prejudice, with no reservation of jurisdiction for the trial court to consider the notice, settlement, or attorneys' fees. When the trial court asked whether it had jurisdiction, Greenberg argued that Dr. Starling committed a fraud when he dismissed the original action without notice to Greenberg.
The trial court entered a written order granting Dr. Starling's motion to strike the charging lien. Yet, the trial court also found that Greenberg had a valid charging lien. The trial court held that it lacked jurisdiction to enforce the notice of charging lien because Greenberg filed its lien after the filing of the joint stipulation of dismissal. Greenberg appealed the order, and Dr. Starling cross-appealed.
Analysis
On appeal, Greenberg argues that the trial court had jurisdiction to enforce the charging lien because Greenberg timely perfected the lien by sending Dr. Starling three separate letters staking out its claim for payment before dismissal of the original action.[2] In response, Dr. Starling argues that the trial court lacked jurisdiction to enforce the charging lien because Greenberg failed to perfect its charging lien by filing its notice before the voluntary dismissal.
We review the trial court's order de novo. See Baker & Hostetler, LLP v. Swearingen, 998 So.2d 1158, 1161 (Fla. 5th DCA 2008) ("We review orders determining subject matter jurisdiction de novo, *865 inasmuch as such an order generally resolves an issue of law.").
To perfect a charging lien, the attorney must "either file a notice of lien or otherwise pursue the lien in the original action" before the case is dismissed. Daniel Mones, P.A. v. Smith, 486 So.2d 559, 561 (Fla. 1986) ; see also Heller v. Held, 817 So.2d 1023, 1026 (Fla. 4th DCA 2002) (holding the attorney provided timely notice of the lien based on the attorney's motion to withdraw and "the order authorizing such withdrawal, referencing [the attorney's] intent to pursue a charging lien").
The three letters that Greenberg sent to Dr. Starling and Addison were not filed in the original action before the dismissal, and thus, did not constitute pursuing the lien in the original action. See Heller, 817 So.2d at 1026. The letters reflected action that Greenberg might take in the future. And, indisputably, Greenberg did not file its notice of lien before the dismissal. Unlike the situation in Heller, nothing filed in the trial court before dismissal of the original action would have alerted the trial court to Greenberg's intent to seek fees through a charging lien. See id. Accordingly, we conclude that Greenberg did not timely perfect its charging lien, and the trial court lost jurisdiction to entertain it after the voluntary dismissal. See Brody v. Broward Cty. Sheriff's Office, 137 So.3d 610, 611 (Fla. 4th DCA 2014) ("A trial court lacks jurisdiction to entertain a charging lien where it has not been timely perfected; that is, filed before the trial court lost jurisdiction through settlement, dismissal or final judgment."); see, e.g., Naftzger v. Elam, 41 So.3d 944, 947 (Fla. 2d DCA 2010) (holding the trial court lacked jurisdiction to enforce the charging lien "[b]ecause attorney Elam sought to enforce a charging lien after the trial court dismissed the case without any reservation of jurisdiction").
Dr. Starling points out on cross-appeal that the trial court found the charging lien valid, even though the trial court correctly determined that it lacked jurisdiction to entertain Greenberg's lien. To the extent that the order striking the lien for lack of jurisdiction determines the lien to be valid, it is void. See Dandar v. Church of Scientology Flag Serv. Org., Inc., 190 So.3d 1100, 1103-04 (Fla. 2d DCA 2016) (concluding that the trial court's ruling on the motion to enforce the settlement agreement was void because the trial court lacked jurisdiction to rule on any such motion "after the voluntary dismissal with prejudice was filed"); Strommen v. Strommen, 927 So.2d 176, 179 n.4 (Fla. 2d DCA 2006) ("[W]hen a court acts without jurisdiction, its action is void and subject to collateral attack." (quoting Fla. Power & Light Co. v. Canal Auth., 423 So.2d 421, 423 n.5 (Fla. 5th DCA 1982) )). Thus, we remand with directions for the trial court to strike from its order the finding that "[Greenberg] holds a valid charging lien." In all other respects, we affirm the order.
Affirmed, and remanded with instructions.
NORTHCUTT and KELLY, JJ., Concur.

Greenberg's first attempt to file the notice on January 11, 2016, failed because the clerk rejected the filing based on the dismissal of the case.

We do not address whether Greenberg is entitled to pursue an independent action for relief from the voluntary dismissal on the ground of extrinsic fraud under Florida Rule of Civil Procedure 1.540(b). Greenberg failed to sufficiently raise that argument on appeal. In its briefs, Greenberg focused on the argument that the trial court had jurisdiction to consider the charging lien because it perfected the lien, not because there was fraud on the court. Furthermore, Greenberg stated in one of its briefs that rule 1.540 was irrelevant to this appeal. We will not rebrief the issue. See Manatee Cty. Sch. Bd. v. NationsRent, Inc., 989 So.2d 23, 25 (Fla. 2d DCA 2008). Thus, Greenberg waived this argument. See Lynn v. City of Fort Lauderdale, 81 So.2d 511, 513 (Fla. 1955) ("[T]he duty rests upon the appealing party to make error clearly appear.").