# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D23-1384
Lower Tribunal No. 2021-CA-008395-O

_____

ALEX FINCH d/b/a FINCH LAW FIRM, and FROMANG AND FINCH, P.A.,

Appellants,

v.

AUTO CLUB INSURANCE COMPANY OF FLORIDA, BRESSLER, AMERY & ROSS, P.C., LINDA MICHELLE BERNS, MASSEY CONSTRUCTION GROUP, INC., MARK B. MASSEY, KANNER & PINTALUGA, P.A., LEVI LAWRENCE WILKES, and SUSAN AYERS,

Appellees.

_____

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for Orange County.
Reginald K. Whitehead, Judge.

May 10, 2024

STARGEL, J.

Appellants, Alex Finch, P.A. d/b/a Finch Law Firm, and Fromang & Finch, P.A., challenge the trial court's order dismissing the underlying action for improper venue.[1] We have jurisdiction. *See* Fla. R. App. P. 9.130(a)(3)(A). Appellants contend that the trial court erred in finding that the principle of priority necessitated

---

[1] This case was transferred from the Fifth District Court of Appeal to this Court on January 1, 2023.

dismissal of the underlying action. Finding merit in Appellants' argument, we reverse the order of dismissal and remand the case for further proceedings.

Background

Appellants, who maintain a law practice in Orange County, represented Massey Construction Group, Inc. ("MCGI") as the assignee of an insurance claim in *Massey Construction Group, Inc. a/a/o Daryl Stalter v. Auto Club Insurance Company of Florida*, Case No. 2020-CA-4021, in the Twentieth Judicial Circuit in and for Lee County ("the *Stalter* case"). During that representation, a dispute arose between Appellants and MCGI that precluded Appellants from rendering any further services in the matter. Appellants withdrew from representation and filed a notice of charging lien against the proceeds of any settlement in the *Stalter* case. MCGI subsequently retained Kanner & Pintaluga, P.A. ("K&P"), Levi Lawrence Wilkes, and Susan Z. Ayers as substitute counsel in the *Stalter* case. After filing notices of appearance, substitute counsel negotiated a settlement with Auto Club through its counsel, Bressler, Amery & Ross, P.C. ("Bressler"), and Linda Michelle Berns. Auto Club then allegedly transferred the settlement proceeds to MCGI without advising Appellants of the settlement or protecting Appellants' lien against the funds.

Thereafter, Appellants filed suit against Auto Club, Bressler, Berns, MCGI, Mark B. Massey (MCGI's president and sole stockholder), K&P, Wilkes, and Ayers (collectively, "Appellees") in the Ninth Judicial Circuit in and for Orange County.

2

The complaint raised a total of twelve counts against the various defendants, including breach of contract, quantum meruit, unjust enrichment, fraud, negligence, and conspiracy to defraud.

Appellees moved to dismiss or abate for improper venue, arguing that venue was improper in Orange County based on "comity" and the principle of priority because the action revolved around operative facts and questions of law that were already pending in Lee County.[2] Appellees' motions requested the trial court to take judicial notice of the *Stalter* case. Appellants maintained that venue was proper because multiple causes of action in the complaint accrued in Orange County. In support of their position, Appellants submitted the affidavits of Mark A. Fromang and Alex Finch, both of whom indicated that the charging lien in the *Stalter* case was no longer pending in Lee County.

After a nonevidentiary hearing, the trial court entered an order granting Appellees' motions and dismissing the complaint. The trial court's order stated that it took judicial notice of the *Stalter* case and found: "[Appellants] first properly served [Appellees] in Lee County, so Lee County has jurisdiction over the matter." The trial

---

[2] A total of three joint motions were filed, all of which raised effectively identical arguments regarding the principle of priority and judicial notice. Other arguments were also raised by the various Appellees, but none of those issues have been addressed by the trial court, so they are not properly before this Court.

court concluded that it was obliged to dismiss the Orange County action because venue was "more appropriate in Lee County." This appeal follows.

Analysis

As a preliminary matter, Appellees argue that this appeal is moot because Appellants withdrew the charging lien and the *Stalter* case has since been dismissed, and thus Appellants' causes of action based on the charging lien have ceased to exist. In support, Appellees rely on case law stating that in order for a charging lien to be valid, it must be filed in the original action prior to dismissal. *Arenas v. Smith*, 315 So. 3d 798 (Fla. 1st DCA 2021); *Greenberg Traurig, P.A. v. Starling*, 238 So. 3d 862, 865 (Fla. 2d DCA 2018). However, even if Appellants can no longer pursue a charging lien in the *Stalter* case, nothing precludes them from filing a separate action to recover any unpaid fees, as a charging lien is not the exclusive vehicle for discharged counsel to pursue fees and costs to which they claim entitlement. *See, e.g., Carman v. Guardianship of Potter*, 768 So. 2d 1156, 1157 (Fla. 1st DCA 2000) ("When Avera was discharged as counsel representing the guardianship in the personal injury case, he had two methods by which he could seek payment of fees due him. He could file a separate action or file a charging lien in the personal injury litigation."); *Worley v. Phillips*, 264 So. 2d 42, 43 (Fla. 2d DCA 1972) ("[T]he attorneys' failure to file a charging lien in the corporate dissolution suit did not preclude them from instituting a separate action to collect their fees."). There is no

reason to believe that the withdrawal of the charging lien in the *Stalter* case extinguished any right Appellants had to pursue a separate action against Appellees for breach of contract, fraud, unjust enrichment, etc. Therefore, the present appeal is not moot.[3]

Turning to the merits of Appellants' argument, in reviewing a motion to transfer venue based on the plaintiff's erroneous venue selection, we review the trial court's factual findings for competent, substantial evidence and review its legal conclusions de novo. *See Blackhawk Quarry Co. of Fla. v. Hewitt Contracting Co.*, 931 So. 2d 197, 199 (Fla. 5th DCA 2006). A plaintiff's venue choice "is favored under Florida law if the election is one which has been properly exercised." *Ivey v. Padgett*, 502 So. 2d 22, 23 (Fla. 5th DCA 1986). "A defendant wishing to challenge the plaintiff's selection has 'the burden of pleading and proving that the venue is improper.'" *Brown v. Nagelhout*, 84 So. 3d 304, 308 (Fla. 2012) (quoting *Inverness Coca–Cola Bottling Co. v. McDaniel*, 78 So. 2d 100, 102 (Fla. 1955)).

Appellants argue that venue is properly located in Orange County because multiple causes of action in the complaint accrued there.[4] *See* § 47.011, Fla. Stat. (2021) (providing that actions against Florida residents "shall be brought only in the

---

[3] We also reject Appellees' related argument that the same issue constitutes grounds for a tipsy coachman affirmance.

[4] Appellants also attempt to challenge the trial court's decision to take judicial notice of the *Stalter* case, however, we cannot consider that issue because it is unpreserved. *See Steinhorst v. State*, 412 So. 2d 332, 338 (Fla. 1982).

county where the defendant resides, where the cause of action accrued, or where the property in litigation is located"); § 47.051 ("Actions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located."); § 47.041 ("Actions on several causes of action may be brought in any county where any of the causes of action arose."). But the trial court never analyzed the propriety of Appellants' venue choice under the applicable statutory provisions. Instead, the trial court, relying on *Mabie v. Garden Street Management Corp.*, 397 So. 2d 920 (Fla. 1981), applied the principle of priority and determined that dismissal was necessary because venue was "more appropriate" in Lee County, as that court already had jurisdiction over the matter.

Under the principle of priority, "where courts within one sovereignty have concurrent jurisdiction, the court which first exercises its jurisdiction acquires exclusive jurisdiction to proceed with that case." *Siegel v. Siegel*, 575 So. 2d 1267, 1272 (Fla. 1991) (quoting *Bedingfield v. Bedingfield*, 417 So. 2d 1047, 1050 (Fla. 4th DCA 1982)). "Although the principle of priority is generally applied to cases pending concurrently in a federal court and a state court or currently in courts of two different states, the principle is also applicable when two cases are pending in different circuits within this state." *Inphynet Contracting Servs., Inc. v. Matthews*, 196 So. 3d 449, 465 (Fla. 4th DCA 2016). "[T]he pivotal question is whether the second-filed action is

6

sufficiently similar in parties and issues as to be unnecessarily duplicative of the prior-filed proceeding." *Id.* at 464 (citing *Pilevsky v. Morgans Hotel Grp. Mgmt., LLC*, 961 So. 2d 1032, 1035 (Fla. 3d DCA 2007)).

The trial court dismissed the present action based on its finding that Appellants had previously initiated a case in Lee County against the same defendants before filing the complaint in the present case. This finding was incorrect, as Appellants were not the parties that initiated the *Stalter* case. Rather, Appellants served as counsel for MCGI, which initiated the action, and only the notice of charging lien was filed in Appellants' names in that case. More importantly, while the parties dispute whether the filing of a charging lien is sufficient to invoke the principle of priority in a later-filed action to recover unpaid attorney's fees, since the charging lien in the *Stalter* case had been withdrawn prior to the entry of the dismissal order in the present case, the matter was no longer pending concurrently in two circuits. Therefore, the trial court erroneously applied the principle of priority to dismiss the present action for improper venue.[5]

Accordingly, we reverse the order of dismissal and remand for further proceedings consistent with this opinion.

---

[5] Even assuming the principle of priority did apply under these circumstances, the appropriate remedy would be abatement of the present action, not dismissal. *See Birnholz v. Steisel*, 338 So. 2d 862, 863 (Fla. 3d DCA 1976) (holding that trial court erred in dismissing, rather than abating, later-filed action raising identical causes of action).

REVERSED and REMANDED.

WOZNIAK and MIZE, JJ., concur.


Alex Finch, Longwood, pro se.

Jonathan S. Glickman and Jeremy E. Slusher, of Slusher & Rosenblum, P.A., West Palm Beach, for Appellees, Kanner & Pintaluga P.A. and Levi Lawrence Wilkes.

Michael G. Fink and Andrew N. Walker, of Mike Fink Law Firm, P.A., Fort Myers, for Appellees, Massey Construction Group, Inc., Mark B. Massey, and Susan Ayers.

David P. Donahue, of Bressler, Amery & Ross, P.C., Birmingham, Alabama, for Appellees, Auto Club Insurance Company of Florida and Bressler, Amery & Ross, P.C.

No appearance for Appellee, Linda Michelle Berns.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF FILED