POLEN, Judge.
The former husband timely appeals from an order of the trial court denying relief from judgment pursuant to Florida Rule of Civil Procedure 1.540(b). Appellee Stephen R. Koons, appellant’s former attorney in certain post-judgment dissolution proceedings, sought to impose an attorney’s charging lien against a parcel of property, known as the Sherbrooke property, which appellant obtained in the post-judgment proceedings.
Taking appellant s second point first, that the motion for relief from judgment should have been granted because appellant allegedly did not receive notice of hearing regarding appellee’s claim, we find to be without merit. While it is clear that no one on behalf of appellant attended the hearing wherein the trial court granted ap-pellee’s charging lien, the notice was clearly sent to appellant’s new counsel of record, L.L. Lavelle.
We find that the trial court erred, however, in granting appellee’s charging lien and, accordingly, we reverse. As set forth in Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom, 428 So.2d 1383 (Fla.1983), certain prerequisites must be shown for the establishment of an attorney’s charging lien. First, there must be a contract between the parties (the attorney and the client), either express or implied, for the payment of attorney’s fees. The second requirement is there must be an understanding that the payment is either dependent upon recovery or that the payment will come from the recovery. In this case, the record does not reflect that such an agreement existed between appellant and appellee. Indeed, the appellee seems to suggest that even if these requirements were lacking, the court might nonetheless impose an equitable lien. We find this argument to be without merit, as appellee neither pled nor proved a legal basis for imposition of an equitable lien.
Finally, we address appellee’s argument that this court must deny relief because the appeal was taken from the trial court’s denial of the 1.540 motion, but there was no timely appeal from the original order granting the charging lien. We similarly find this argument to be without merit, as appellant based his motion, in part, upon misrepresentation — in this case misrepresentation by appellee as to the legal requirements for imposition of a charging lien — as contemplated by rule 1.540(b). Our finding that the trial court erred in failing to grant appellant’s 1.540(b) motion of necessity relates back to the underlying order from which relief was sought.
*106 Accordingly, we reverse the order of the trial court and remand for further proceedings consistent with this opinion.
DOWNEY and GARRETT, JJ., concur.