COPE, Judge.
The Law Offices of David H. Zoberg, P.A., appeal an order discharging a charging hen. As an essential element of the establishment of a charging hen has not been met, we affirm.
In 1989 appehee Bonnie Rosen retained Zoberg to defend her in a lawsuit brought by National Title Insurance Company. National Title claimed that Rosen had acted negligently in conducting certain real estate closings. See National Title Ins. Co. v. Safeco Title Ins. Co., 661 So.2d 1234, 1235-36 (Fla. 3d DCA 1995), review denied, 670 So.2d 939 (Fla.1996). In 1990 Zoberg served an offer of judgment of $10 on Rosen’s behalf, which was not accepted.
In 1992 Rosen discharged Zoberg and retained Maland & Ross, P.A., to represent her. In 1993, on the eve of trial, Maland & Ross served an offer of judgment on Rosen’s behalf for $5,001. The offer was not accepted and the case proceeded to trial. Rosen received a defense verdict, which was subsequently affirmed on appeal. 661 So.2d at 1236.
Rosen moved for attorney’s fees pursuant to both offers of judgment. The trial court granted the motion. At the hearing Rosen only requested attorney’s fees for services rendered by Maland & Ross, and made no claim for fees for Zoberg’s work. Consequently Rosen’s attorney’s fee judgment is based solely on the work of Maland & Ross, and not on the work of Zoberg. Part of the attorney’s fee judgment will be paid to Ma-land & Ross for their outstanding balance, and the remainder will go to Rosen personally to reimburse her for attorney’s fees and costs she paid Maland & Ross over the course of the litigation.*
Maland & Ross moved for a disbursement order and an order discharging Zoberg’s charging lien. The trial court granted the motion and Zoberg has appealed.
The question is whether Zoberg’s charging lien can attach to an attorney’s fee judgment which is based on work another law firm did. We answer in the negative.
Zoberg argues that his filing the first offer of judgment created an entitlement for Ro-sen to obtain attorney’s fees from National Title. He contends that as a matter of law his charging hen attaches to any attorney’s fee judgment which is based in whole or in part on the offer of judgment he filed. The law governing charging hens, however, is not so broad.
In order to estabhsh a vahd charging hen, four requirements must be met:
To impose such a hen, the attorney must show: (1) an express or imphed contract between attorney and ehent; (2) an express or implied understanding for payment of attorney’s fees out of the recovery; either an avoidance of payment or a dispute as to the amount of fees; and (4) timely notice. In the case at bar the district court determined that Mones did not give timely notice of his charging hen claim.
Daniel Mones, P.A v. Smith, 486 So.2d 559, 561 (Fla.1986) (emphasis added).
Zoberg’s argument falters on element (2), the requirement that there be an express or imphed understanding for payment of Zo-berg’s attorney’s fees out of the recovery. In the present case the record is very scanty on the terms of the fee agreement between Zoberg and Rosen, but it is clear that Rosen agreed to pay Zoberg on an hourly basis. Thereafter Rosen, through Zoberg, made an offer of judgment. It stands to reason that when an offer of judgment is made, the attorney and chent impliedly agree that the attorney may look to an attorney’s fee award under the offer of judgment statute as an additional source of payment, if the attorney is owed money at the end of the case.
How far, then, does this imphed agreement extend? We think that the attorney can only reasonably expect to obtain an award of fees *830 based on his own work, not the work of successor counsel. Thus, if Rosen had obtained an award of attorney’s fees based on Zoberg’s hours of work as defense counsel, Zoberg’s charging lien would attach to it. But Zoberg has no right, nor any reasonable expectancy, to participate in the fee award attributable to the work of Maland & Ross as successor counsel. Since the attorney’s fee award in this case was solely for work that Maland & Ross did after Zoberg was discharged, it follows that Zoberg was not entitled to a charging lien and the order of discharge is correct. See Lochner v. Monaco, Cardillo & Keith, P.A., 551 So.2d 581, 583 (Fla. 2d DCA 1989); Bailey v. Bailey, 546 So.2d 104, 105 (Fla. 4th DCA 1989); 4 Fla. Jur.2d Attorneys at Law § 392 (1994).
Zoberg suggests that the result should be otherwise because Rosen was obliged to include Zoberg’s time in the post-offer-of-judgment motion for attorney’s fees. Rosen counters that Zoberg was aware of Rosen’s trial victory and could have submitted an attorney’s fee motion of his own. We do not reach, and express no opinion on, this issue because it was not raised in the trial court.
Affirmed.

 Rosen explains that at the attorney’s fee hearing, she did not make a claim for Zoberg’s post-offer-of-judgment time, because Rosen and Zoberg were embroiled in a separate lawsuit over attorney’s fees. In that suit, filed in 1993, Rosen claimed she had been overbilled on this file and other matters, and demanded a refund. Zoberg counterclaimed, contending that Rosen owed him legal fees and had not paid them. The case remains pending in circuit court.