788 So.2d 381 (2001)
JONES & GRANGER, Appellant,
v.
Basil JOHNSON, Jr., Appellee.
No. 1D00-3628.
District Court of Appeal of Florida, First District.
June 21, 2001.
John R. Lowery of Pursley, Howell, Lowery & Meeks, LLP, Atlanta, and Robert A. Cole of Cole, Stone, Stoudemire, Morgan & Dore, P.A., Jacksonville, for Appellant.
C. Michael Hardman, Atlanta, for Appellee.
VAN NORTWICK, J.
The law firm of Jones & Granger appeals a final order awarding attorney's fees pursuant to the law firm's charging lien filed in a lawsuit brought by its former client, Basil Johnson, Jr., appellee ("Johnson"). Appellant argues that the trial court erred in calculating the amount of the awarded fees because the court failed to consider relevant factors, including the time and effort the firm dedicated to the case and the contingency fee arrangement. Finding no abuse of discretion, we affirm.
In June 1998, Jones & Granger began representing Johnson in a Federal Employer's Liability Act (FELA) claim against CSX Transportation, Inc. (CSX), pursuant to a contingency fee agreement under which Jones & Granger would be entitled to attorney's fees of 25% of the recovery, plus repayment of costs. Johnson's claim was handled by Michael Hardman, *382 an attorney employed by the firm. In January 2000, Hardman terminated his employment with Jones & Granger. Subsequently, Johnson discharged Jones & Granger without cause and, in February 2000, entered into a new contingency fee agreement with Hardman under which Hardman would receive attorney's fees of 25% of Johnson's recovery of the FELA claim against CSX, plus costs.
On May 2, 2000, Jones & Granger filed a notice of attorney's fee lien. After mediation, on June 22, 2000, Johnson's FELA claim against CSX was settled for $282,963.71. Of the settlement proceeds, $200,000 was distributed to Johnson, with the balance held in trust pending the trial court's order on the attorney's fees due Jones & Granger.
In the order on appeal, the trial court ruled that "the proper basis for compensating an attorney discharged without cause under a valid contingent fee agreement is on the basis of quantum meruit," citing Rosenberg v. Levin, 409 So.2d 1016 (Fla.1982). Below, Hardman testified that only 14.1 hours of attorney's time and 4 hours of travel time was devoted to Johnson's file while Hardman was employed by Jones & Granger and that he devoted 55 hours to the case after leaving Jones & Granger. On the other hand, a partner of Jones & Granger estimated that 75% of the work required to bring Johnson's claim to conclusion had occurred while Hardman was employed at the firm. Reciting that it "considered the totality of the circumstances surrounding the professional relationship between Jones and Granger, Mr. Hardman and the Plaintiff [Johnson], including the time spent by Mr. Hardman both before and after his departure," the trial court ordered that Jones & Granger be paid $7,500.00 in attorney's fees and $2,836.43 as cost reimbursement. In setting this amount, the trial court found:
that a fee of $200.00 per hour for Jones and Granger is reasonable which based on 18.1 hours as proposed by Mr. Hardman would result in an attorney's fee of $3,620.00. Nevertheless, the Court recognizes that a significant amount of work was performed by Mr. Hardman while at Jones and Granger, most likely in excess of 18.1 hours. That work did bring the case to a posture where Mr. Hardman could concentrate his efforts on the medical evidence. Taking all of the above into consideration, the Court finds that the quantum meruit value of the Jones and Granger lien is $7,500.00.
On appeal, appellant correctly acknowledges that our standard of review in reviewing an award of attorney's fees is whether the trial court abused its discretion. See Afrazeh v. Miami Elevator Co. of Am., 769 So.2d 399, 401 (Fla. 3d DCA 2000). The parties also agree that the appellant's fee is to be determined on the basis of quantum meruit, limited by the maximum fee allowable under the fee agreement. See Rosenberg, 409 So.2d at 1021. As the Florida Supreme Court has explained in Rosenberg:
[A]n attorney employed under a valid contract who is discharged without cause before the contingency has occurred or before the client's matters have concluded can recover only the reasonable value of his services rendered prior to discharge, limited by the maximum contract fee....
[I]n contingency fee cases, the cause of action for quantum meruit arises only upon the successful occurrence of the contingency. If the client fails in his recovery, the discharged attorney will similarly fail and recover nothing.... In computing the reasonable value of the discharged attorney's services, the trial court can consider the totality of the circumstances surrounding the professional *383 relationship between the attorney and client. Factors such as time, the recovery sought, the skill demanded, the results obtained, and the attorney-client contract itself will necessarily be relevant considerations.
We conclude that this approach creates the best balance between the desirable right of the client to discharge his attorney and the right of an attorney to reasonable compensation for his services.
Id. at 1021-22; see also Searcy, Denney, Scarola, Barnhart & Shipley v. Poletz, 652 So.2d 366, 368-69 (Fla.1995).
Jones & Granger contends that the trial court erred in computing the fee awarded under the Rosenberg standard. The firm argues that the trial court should have divided the 25% contingent fee between it and Hardman in proportion to the services each provided in obtaining the settlement and, because Jones & Granger controlled the case for 18 of the approximately 24 months between the date of the first fee agreement and date of the settlement, Jones & Granger should have been awarded 75% of the total fee. We cannot agree.
Jones & Granger has no claim against the contingent fee owed Hardman. See Adams v. Fisher, 390 So.2d 1248 (Fla. 1st DCA 1980). In Adams, as here, the discharged counsel filed a charging lien against the proceeds of any settlement in the personal injury action in which he had represented the plaintiff. After subsequent counsel negotiated a settlement in the case, the trial court determined that the discharged counsel was entitled to compensation and ordered that such fees be paid from substitute counsel's contingency fee. On appeal, this court acknowledged that clients have the right to discharge their attorneys and that upon discharge, attorneys may pursue collection of fees. We held, however, that it was error for the trial court to assess the discharged counsel's fee out of the fee recovered by the substituted attorney. Id. at 1251.
In so holding, the court explained:
[T]he trial judge should have required Mr. Adams to pay Mr. Myrick his full contingent fee in accordance with their contract, and Mr. Adams should be required to pay Mr. McGraw for the quantum meruit value of his services. Such a rule insures the right of a client to discharge an attorney at any time with or without cause, but it also makes the client responsible for his actions. A client may end up paying fees in excess of the original contingent fee, once to the discharged attorney in quantum meruit and again to the substituted attorney on a new contingent fee contract.
Id. at 1251; see also Carman v. Guardianship of Alan Potter, 768 So.2d 1156, 1158 (Fla. 1st DCA 2000). In his answer brief, Johnson acknowledges that the rule in Adams may require a client to pay to the discharged and substituted attorneys an aggregate amount in attorney's fees which would exceed the amount of the contingency fee specified in the fee agreement.
Appellant argues that Adams is inconsistent with Rosenberg and conflicts with the Third District's decision in Afrazeh and the Fifth District's decision in Miller v. Jacobs & Goodman, P.A., 699 So.2d 729 (Fla. 5th DCA 1997). Again, we cannot agree.
Adams and Rosenberg are not in conflict. In Rosenberg, the supreme court was addressing "the proper basis for compensating an attorney discharged without cause by his client after he has performed substantial legal services under a valid contract of employment." Rosenberg, 409 So.2d at 1017. In Rosenberg, the court *384 reviewed a decision of the Third District Court of Appeal, Levin v. Rosenberg, 372 So.2d 956 (Fla. 3d DCA 1979), in which that court held that the discharged lawyer should receive a fee based upon quantum meruit limited by the amount of the fee established in the contract between the discharged attorney and the client. The court found that the Third District's decision conflicted with Goodkind v. Wolkowsky, 132 Fla. 63, 180 So. 538 (1938), in which the court recognized the client's right to discharge an attorney at any time with or without cause, id. at 540, but held that the discharged attorney was entitled to recover the full fee agreed upon as damages for the client's breach of contract. Id. at 543. The Rosenberg court addressed at length the two conflicting interests involved:
The first is the need for the client to have confidence in the integrity and ability of his attorney and, therefore, the need for the client to have the ability to discharge his attorney when he loses that necessary confidence in the attorney. The second is the attorney's right to adequate compensation for work performed.
Rosenberg, 409 So.2d at 1016. The court receded from Goodkind and concluded that the "modified quantum meruit rule" best balanced the interests of clients and attorneys, finding the client's freedom to substitute attorneys without penalty to be the "overriding" consideration. Id. at 1021.
In Adams, this court addressed an issue not before the court in Rosenbergthe appropriate manner to determine fees as between the discharged attorney and the substituted attorney. The Adams court held that it was error to award the fee of the discharged attorney out of the fee recovered by the substituted attorney. Adams, 390 So.2d at 1251. In its holding, Adams relied primarily upon the authority of Sohn v. Brockington, 371 So.2d 1089 (Fla. 1st DCA 1979), a case cited with approval by Rosenberg, see 409 So.2d 1019. Further, as the Rosenberg court, Adams based its holding on "the right of a client to discharge an attorney at any time with or without cause." Adams, 390 So.2d at 1251.
We also find Afrazeh and Miller distinguishable from Adams and the instant case. While Miller did approve the division of an attorney's fee between the discharged attorney and substituted attorney, Miller, 699 So.2d at 734-35, in Miller the attorneys had contracted to divide the fee. Id. at 730-31. Afrazeh itself distinguishes Adams and, further, in Afrazeh, the client had contracted to pay the substituted attorney a contingent fee less the amount of any fee due the discharged lawyer. See Afrazeh, 769 So.2d at 402. Of course, Adams expressly recognizes that "a client could contract to pay second attorney a contingent fee less the fee due first attorney," Adams, 390 So.2d at 1251; but in both Adams and the case before us, the contract did not so provide.
Jones & Granger also argues that the totality of the circumstances test adopted in Rosenberg, 409 So.2d at 1016, and Poletz, 652 So.2d at 368-69, required the trial court here to consider the results obtained and to compensate the firm on the same contingency basis as Hardman. While setting an award of attorney's fees to the discharged attorney on a contingency basis may be within the discretion of the trial court under the appropriate circumstances, see Milton Kelner P.A. v. 610 Lincoln Road, Inc., 328 So.2d 193 (Fla. 1976); Arabia v. Siedlecki, 789 So.2d 380 (Fla. 4th DCA 2001)(en banc), the trial court here did not abuse its discretion in establishing the amount of the fee due Jones & Granger. In reviewing a decision *385 of the trial court under the abuse of discretion standard, our mere disagreement with the reasoning of the trial court is not sufficient for reversal. Rather, we should reverse only when the trial court's decision fails to satisfy the test of reasonableness. Canakaris v. Canakaris, 382 So.2d 1197, 1202-03 (Fla.1980); State Dep't of Transp. v. Skinners, 736 So.2d 3, 6 (Fla. 1st DCA 1998). "If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no abuse of discretion." Canakaris, 382 So.2d at 1203. Because competent substantial evidence supports the trial court's order under the totality of the circumstances, we find no abuse of discretion in the order awarding attorney's fees.
AFFIRMED.
ALLEN and POLSTON, JJ., CONCUR.