901 So.2d 951 (2005)
Steven L. LUBELL, Appellant,
v.
Rosario MARTINEZ, Appellee.
No. 3D04-1764.
District Court of Appeal of Florida, Third District.
May 4, 2005.
*952 Lubell & Rosen, and Steven L. Lubell, North Miami Beach, for appellant.
Rosario Martinez, in proper person.
Before GERSTEN, SHEPHERD and SUAREZ, JJ.
GERSTEN, J.
Steven Lubell ("Lubell") appeals the trial court's order awarding attorney's fees. We reverse.
The appellee, Rosario Martinez ("Martinez"), hired Peter Capua ("Capua") to represent her in a slip and fall case. After rejecting the defendant's initial $25,000 offer of settlement, Martinez discharged Capua as her attorney. Martinez then hired Lubell on a contingency fee basis, agreeing to pay him forty percent of the recovery. Lubell explained to Martinez that Capua was intending to file a charging lien and that she might have to pay both attorneys.
Lubell obtained a $38,000 settlement for Martinez and offered to reduce his attorney's fees to twenty-five percent of the amount recovered. Martinez agreed to the reduction and Lubell prepared a closing statement showing he was entitled to $9,500 in attorney's fees, which was twenty-five percent of the $38,000 settlement, and costs of $370.00. The remaining $28,130.00 was left in a trust account pending the determination of the charging lien.
The trial court conducted an evidentiary hearing on Capua's charging lien and awarded Capua $10,000.00 in attorney's fees (forty percent of the original $25,000 offer of settlement), and $3,236.92 in costs. The trial court awarded Lubell $5,200.00, which was forty percent of the remaining $13,000. Martinez then demanded that Lubell pay her back the difference of $4,300.00 ($9,5005,200= $4,300). Lubell argues that the trial court erred in splitting his attorney's fees with the previously discharged attorney. We agree.
The proper basis for awarding attorney's fees to discharged attorneys and their successors is as follows: Discharged attorneys hired under a contingent fee contract are entitled to recover quantum meruit for their services, limited by the *953 maximum fee allowable under the fee agreement. Adams v. Fisher, 390 So.2d 1248 (Fla. 1st DCA 1980), Sohn v. Brockington, 371 So.2d 1089 (Fla. 1st DCA 1979). A substituted attorney, however, is entitled to the full contingent fee provided for in the contract. See Adams v. Fisher, 390 So.2d. at 1251. This rule ensures the client the right to discharge an attorney at any time with or without cause, while at the same time making a client responsible for his or her actions. Adams v. Fisher, 390 So.2d at 1251.
Applying these rules, the trial judge should have required Martinez to pay Lubell the full amount of his contingency fee in accordance with his contract.[1]See Jones & Granger v. Johnson, 788 So.2d 381 (Fla. 1st DCA 2001). Although the contract provided that Martinez would pay Lubell a forty percent contingency fee, Lubell agreed to reduce his fee to a twenty-five percent contingency fee ($9,500). Martinez cannot now complain about paying two sets of attorney's fees because Lubell notified her that this was a possibility when she retained him.
Accordingly, we reverse and remand to the trial judge to amend the order granting the charging lien in accordance with this opinion.
Reversed and remanded.
NOTES
[1] The issue of trial court's award of attorney's fees to Capua is not before us and will not be addressed.