PER CURIAM.
Charles James Grapski and Michael Canney appeal a final judgment awarding attorney’s fees entered on remand following this court’s decision in Grapski v. City of Alachua, 31 So.3d 193 (Fla. 1st DCA 2010) (Grapski I). In its final judgment, the trial court found “that 14.9 hours at the agreed rate of Three Hundred Dollars ($300) per hour is a reasonable amount of time at a reasonable rate in calculation of the amount of attorney’s fees appellants incurred in pursuing their ‘successful claims only.’ ” Appellants contend that the trial court erred as a matter of law when it failed to examine plaintiffs’ time records and their lawyer’s testimony in making a fee award, made no findings as to a fee multiplier, and applied an overly narrow interpretation of the Sunshine Law’s fee shifting statutes, sections 119.12 and 286.011(4), Florida Statutes (2006). Because the record before us provides an inadequate basis for reversal, we are constrained to affirm the award of attorney’s fees. We affirm without further discussion the trial court’s failure to award prejudgment interest on the fee award.
Although appellants assert that our standard of review here is de novo, the standard of review for the award of attorney’s fees is abuse of discretion. Jones & Granger, 788 So.2d 381, 382 (Fla. 1st DCA 2001). “[T]he award of attorney’s fees is a matter committed to sound judicial discretion which will not be disturbed on appeal, absent a showing of clear abuse of discretion.” DiStefano Constr., Inc. v. Fid. & Deposit Co. of Md., 597 So.2d 248, 250 (Fla.1992). The trial court’s findings of fact on the issue of attorney’s fees are presumed correct. Alternative Dev., Inc. v. St. Lucie Club & Apartment Homes Condo. Ass’n, Inc., 608 So.2d 822, 828 (Fla. 4th DCA 1992). As stated by this court:
In reviewing a decision of the trial court under the abuse of discretion standard, our mere disagreement with the reasoning of the trial court is not sufficient for reversal. Rather, we should reverse only when the trial court’s decision fails to satisfy the test of reasonableness. “If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no abuse of discretion.”
Jones & Granger, 788 So.2d at 384-85 (citations omitted). When there is competent substantial evidence which supports the trial court’s order under the totality of the circumstances, there is no abuse of discretion. Id. at 385.
An attorney seeking fees is responsible for “keeping accurate and current records of time spent on a case, particularly when someone other than the client may pay the fee.” Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145, 1150 (Fla.1985) (emphasis supplied). The attorney for appellant failed to do either. The records detailing the work performed were insufficient to allow a reasoned determination of “the amount of attorney’s fees and costs appellants incurred in pursuing their successful claims only” (emphasis supplied) as this court directed when it granted attorney’s fees pursuant to sections 119.12 and 286.011(4) by unpublished order after its decision in Grapski I.
On the other hand, appellee presented the testimony of an expert witness who thoroughly reviewed this record and explicitly detailed the amount of hours which reasonably should have been incurred on the “successful claims.” The trial court weighed the merits of the opposing arguments of the parties and accepted the testimony of appellee’s expert. Appellants do *990 not demonstrate that the trial court abused its discretion. DiStefano Constr., Inc., 597 So.2d at 250.
We acknowledge that the fees awarded here are minimal. Nevertheless, the proof submitted by appellants was completely lacking in the degree of specificity which would warrant a different award, and appellants are not entitled “to a second opportunity to make the requisite showing.” Warner v. Warner, 692 So.2d 266, 268 (Fla. 5th DCA 1997); see also Doll v. Dep’t of Health, 969 So.2d 1103, 1107 (Fla. 1st DCA 2007).
AFFIRMED.
VAN NORTWICK and ROWE, JJ., concur, and THOMAS, J., dissents with written opinion.