# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D21-3476

———————————————

TONY LAVON WAITES,

  Appellant,

  v.

FRANK MIDDLETON, SR., and
ROSA M. MIDDLETON,

  Appellees.

———————————————

On appeal from the Circuit Court for Escambia County.
Thomas V. Dannheisser, Judge.

September 28, 2022

PER CURIAM.

  Tony Lavon Waites appeals an order granting the Middletons' motion for attorneys' fees. Waites argues that the trial court abused its discretion by failing to follow *Florida Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985) and *Grapski v. City of Alachua*, 134 So. 3d 987 (Fla. 1st DCA 2012). Waites contends that *Rowe* requires the trial court to make specific findings regarding a reasonable amount of hours worked to award fees and that the trial court failed to do so here. Waites interprets *Grapski* to mean that fees cannot be awarded without current, specific, and detailed evidence of the time spent working on the case. Neither of Waites' arguments have merit.

*Rowe* explains that an attorney is obligated to "keep[] accurate and current records of time spent on a case, particularly when someone other than the client may pay the fee." *Rowe*, 472 So. 2d at 1150. "To accurately assess the labor involved, the attorney fee applicant should present records detailing the amount of work performed." *Id.* "Inadequate documentation may result in a reduction of the number of hours claimed, as will a claim for hours that the court finds to be excessive or unnecessary." *Id.* Attorneys' fees are not prohibited where records are inadequate. *Rowe* also includes factors that should be considered in determining reasonable attorneys' fees, but courts are not required to reduce these considerations into written findings. *See Murphy v. Murphy*, 621 So. 2d 455, 457 (Fla. 4th DCA 1993) (holding that trial courts are not obligated to "make a written finding memorializing the judge's consideration" of every fact).

In *Grapski*, this Court affirmed an award of fees based on credible expert witness testimony despite insufficient records detailing the work performed. The expert witness thoroughly reviewed the record and detailed the amount of hours reasonably incurred. "When there is competent substantial evidence which supports the trial court's order under the totality of the circumstances, there is no abuse of discretion." *Id.* at 989.

Here, although the Middletons' counsel did not keep accurate and current records of the time spent on legal work for the Middletons, he did present competent substantial evidence to show that at least fifty hours of work were performed over a ten-year period. The Middletons' counsel produced the court docket and internal files, showing the number of filings drafted. He also submitted his own affidavit explaining the time spent on the case and the affidavit of an expert witness. The expert witness also testified at the fees hearing that fifty hours was a reasonable and conservative estimate of the time spent on the case. The trial court did not abuse its discretion by relying on this competent substantial evidence in its fee award. Accordingly, we affirm.

AFFIRMED.

ROBERTS, OSTERHAUS, and LONG, JJ., concur.

2

---

*__Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.__*

---

Michael R. Rollo of Michael R. Rollo, P.A., Pensacola, for Appellant.

Artice L. McGraw of Artice L. McGraw, P.A., Pensacola, for Appellees.