DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.,**
Appellant,

v.

**ATLAS HOLDING CORPORATION**,
Appellee,

No. 4D22-1827

———————————————————

**KATIE PHANG, P.A.,**
Appellant,

v.

**ATLAS HOLDING CORPORATION,**
Appellee,

No. 4D22-2048

———————————————————

**ATLAS HOLDING CORPORATION, JACK T. KEISER AND PAMELA KEISER, AS TRUSTEES OF THE KEISER FAMILY LIVING TRUST DATED JANUARY 16, 2013,** and **JACK T. KEISER,**
Appellants,

v.

**TD BANK N.A.,**
Appellee,

Nos. 4D22-2060 & 4D22-2223

———————————————————

[September 6, 2023]

Consolidated appeals and Petition for Writ of Prohibition to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez, Judge; L.T. Case No. CACE17-007675 (14).

Elliot B. Kula and W. Aaron Daniel of Kula & Associates, P.A., Miami, for appellant Perlman, Bajandas, Yevoli, & Albright, P.L.

Douglas F. Eaton of Eaton & Wolk, P.L., Miami, for appellant Katie Phang, P.A.

Matthew P. Leto and Charles P. Gourlis of Leto Law Firm, Miami, and Raoul G. Cantero of White & Case LLP, Miami, for appellants Atlas Holding Corporation, Jack T. Keiser, and Jack T. Keiser and Pamela Keiser, as Trustees of the Keiser Family Living Trust Dated January 16, 2013.

Bruce S. Rogow, Cedar Mountain, North Carolina, and Tara A. Campion, Boca Raton, of Bruce S. Rogow, P.A., and William R. Scherer of Conrad & Scherer LLP, Fort Lauderdale, for appellee Conrad & Scherer LLP.

CONNER, J.

Appellee Conrad & Scherer LLP ("former counsel") initially represented Appellants Atlas Holding Corporation, Jack T. Keiser, individually, and Jack T. Keiser and Pamela Keiser, as Trustees of the Keiser Family Living Trust Dated January 16, 2013 (collectively, "the clients"), as plaintiffs in a lawsuit. During the underlying suit, the clients discharged former counsel and hired Appellants Perlman, Bajandas, Yevoli & Albright, P.L. ("PBYA") and Katie Phang, P.A. (collectively, "successor counsel"). Former counsel filed a charging lien in the underlying suit and sought to enforce it after successor counsel settled the case. This opinion addresses four consolidated appeals, all challenging the final judgment enforcing the charging lien.[1]

We affirm without discussion on the arguments raised by the clients in case numbers 4D22-2060 and 4D22-2223, challenging the fee award to former counsel. We agree with successor counsel, however, that the trial court erred in ordering successor counsel to disgorge fee payments. Thus, we reverse and remand in case numbers 4D22-1827 and 4D22-2048 for

---

[1] We previously issued orders consolidating the appeals for record and panel purposes. By virtue of the consolidation orders, case number 4D22-2223 was converted from a petition proceeding to an appeal. Because all four appeals arise out of the same final judgment, we issue one opinion to address all four appeals.

2

revision of the final judgment consistent with this opinion.

*Background*

The Underlying Lawsuit

The clients engaged former counsel to file the underlying lawsuit on a contingency fee basis. The engagement agreement provided that if the case settled after a motion to dismiss was denied but before summary judgment, former counsel would be entitled to 23% of the settlement. This applied even if the clients switched counsel.

After the engagement agreement was signed, former counsel filed suit against the defendants. Throughout its representation, former counsel incurred approximately 2,254.35 hours of work.

In September 2019, the clients sent former counsel a termination letter listing perceived shortcomings in its representation. The letter stated, however, that when the case settled, the clients would still pay former counsel's fees and costs. Former counsel filed a charging lien.

The clients then hired successor counsel pursuant to another contingency fee agreement. Eighteen months later, the parties settled the underlying suit for a confidential amount payable to the clients.

Resolution of Former Counsel's Charging Lien

Once successor counsel received the settlement funds, former counsel sought to enforce its charging lien against the clients, asserting an amount due. By an agreed order, the trial court permitted successor counsel to disburse all settlement funds "in excess of the amount claimed by [former counsel] pursuant to its charging lien" but did not specify the dollar amount or percentage of the settlement to be withheld in escrow.[2] Successor counsel then withdrew from the case and the clients hired new counsel to litigate the charging lien. The charging lien matter was eventually set for trial.

During the charging lien nonjury trial, former counsel argued it was terminated "without cause" and was responsible for the majority of the work done in moving the case forward. Former counsel argued it was

---

[2] Although not contractually required, successor counsel agreed to reduce its fees by $250,000 and to hold that amount in PBYA's trust account to reimburse the clients for legal expenses the clients incurred in the charging lien litigation.

3

entitled to its 23% contingency fee or, at least, to the value of its services (approximately $725,000 to $745,000).

The clients argued former counsel was terminated "for cause" and was not entitled to any portion of the settlement because nothing former counsel did contributed to the eventual settlement. The clients also asserted, somewhat inconsistently, that "[n]obody's disputing" that certain of former counsel's actions "definitely . . . help[ed] the case," and that the trial court should "give them credit for that." The clients maintained, however, that former counsel could not prove its work contributed to the settlement.

Successor counsel was not involved in the charging lien nonjury trial as a party and was not represented in those proceedings.

After making credibility determinations and weighing testimony, the trial court found former counsel, not successor counsel, responsible for most of the legal work that led to the settlement. The trial court also found former counsel had shown the charging lien was valid and rejected the clients' arguments to the contrary. The trial court then evaluated the appropriate amount due to former counsel under the charging lien. It found, upon weighing the totality of the circumstances, that former counsel was entitled to a sum certain[3] in fees and costs.

The trial court also raised concerns over successor counsel's treatment of the settlement proceeds (despite the prior agreed order approving distribution of the settlement funds). It found the 23% contingency fee was a combined cap on fees for <u>both</u> former and successor counsel, and successor counsel had acted improperly in distributing the funds:

> The Court has asked several times . . . [for an] explanation as to why the client's funds are being held in trust to pay [former counsel's] lien and not the 23% attorney fees so the Court could make the decision as to the amount of the lien such that the client is not charged more than the maximum contractual rate of 23%. The total attorney fee amount paid by the client to all the lawyers is **limited by the maximum amount allowed in the client's Contingency Fee Agreement**. . . . [Successor counsel] has not answered the question as to how the total attorney fees can exceed the contractual rate.

---

[3] The specific monetary amounts are not discussed in this opinion as they pertain to the confidential settlement figure, which is maintained as confidential by order of this Court.

The trial court subsequently issued a detailed final judgment, ruling in favor of former counsel and chiding successor counsel for its distribution of the settlement proceeds.  The trial court made the following findings:

> [Former counsel] notified [the clients] [as to] the amount of its Charging Lien . . . plus costs subject to adjustment. . . . PBYA[4] held [that amount] plus costs in trust [as client funds] pending the outcome of this Charging Lien action. . . .
>
> The remainder of the settlement funds were disbursed to [the clients] and [successor counsel].  [Successor counsel] received 23% of the settlement funds . . . . [Successor counsel] reduced its contingent fee by $250,000 to be used by [the clients] to defend against [former counsel]'s Charging Lien.
>
> [The clients] received the remainder of the settlement funds less the amount held in trust by PBYA for [former counsel]'s Charging Lien, thus [successor counsel] penalized the client for discharging [former counsel] and hiring [successor counsel].  [Successor counsel] also placed the burden and cost of defending [former counsel's] lien on [the clients] [when it] withdrew as counsel . . . before the hearing on [former counsel's] lien.

The trial court accordingly ordered the disbursement of fees to successor counsel be "corrected" and redeposited in PBYA's trust account.  Once the funds were redeposited, the trial court ordered the clients be paid a full 77% of the settlement funds.  Of the remaining 23%, former counsel was to be paid a specific sum.[5]  Lastly, the trial court ordered successor counsel to send both retainer agreements to The Florida Bar for it to determine compliance with Bar rules.

The clients and successor counsel gave notice of appeal.

*Appellate Analysis*

---

[4] While both PBYA and Katie Phang, P.A. have claims here, the funds were held in PBYA's trust account.

[5] The net effect of the order was that successor counsel received a specific, reduced sum for its services, plus any money remaining from the $250,000 reserved to reimburse the clients for the legal fees and costs of the charging lien litigation.

As we said above, we affirm without discussion on the arguments raised by the clients in their appeals of the fee award to former counsel. We therefore turn to successor counsel's appeals.

"A party's entitlement to attorneys' fees is reviewed *de novo*." *Mineo Salcedo Law Firm, P.A. v. Cesard*, 333 So. 3d 222, 227 (Fla. 4th DCA 2022) (quoting *De La Riva v. Chavez*, 303 So. 3d 955, 958 (Fla. 4th DCA 2020)). In contrast, "[a] trial court's calculation of reasonable attorney's fees is reviewed for an abuse of discretion." *Nationstar Mortg. LLC v. Faramarz*, 331 So. 3d 738, 745 (Fla. 4th DCA 2021).

Successor counsel argues the trial court committed fundamental error by entering a judgment against successor counsel as a nonparty and depriving it of due process. We agree.

Entry of "a judgment against a nonparty is fundamental error." *Corredor v. Nichols*, 342 So. 3d 793, 794-95 (Fla. 3d DCA 2022) (quoting *Norville v. BellSouth Advert. & Publ'g Corp.*, 664 So. 2d 16, 16 (Fla. 3d DCA 1995)). A denial of due process likewise "constitutes fundamental error that may be raised for the first time on appeal." *Chiu v. Wells Fargo Bank, N.A.*, 242 So. 3d 461, 464 (Fla. 3d DCA 2018).

Successor counsel was not a party at any point during the charging lien proceedings. The fact that it previously appeared as counsel of record for the clients in the underlying litigation does not change successor counsel's status as a nonparty. *See Corredor*, 342 So. 3d at 795 (reversing judgment awarding fees directly to attorney and holding counsel of record was "not a party to the underlying suit despite being the court appointed counsel for the receiver"); *see also State Farm Mut. Auto. Ins. Co. v. Best Med. Treatments, Inc.*, 354 So. 3d 612, 614 (Fla. 3d DCA 2023) (holding statute authorizing award of attorney's fees to a prevailing insured or beneficiary requires fees to be paid directly to insured or beneficiary, not to nonparty counsel). As successor counsel was not named or otherwise joined as a party in the charging lien action, the trial court could not directly order successor counsel to disgorge fees in favor of former counsel.

Former counsel contends on appeal that the trial court was exercising its sanction power in ordering disgorgement. *See Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So. 2d 606, 608-09 (Fla. 1994) ("[A] trial judge has the inherent power to do those things necessary to enforce its orders, to conduct its business in a proper manner, and to protect the court from acts obstructing the administration of justice."). But if the trial court was indeed attempting to exercise its

inherent authority, it did so in violation of successor counsel's due process rights. Successor counsel was not a party participant, did not appear as a party, was not represented in the proceedings, and had no notice that the trial court was considering entering an order for disgorgement of funds.

"As to the forfeiture or disgorgement of funds, an attorney is entitled to the same reasonable notice and opportunity to be heard, even if he or she is merely holding those funds as a retainer for legal services not yet rendered." *Weissman v. Braman*, 132 So. 3d 327, 330 (Fla. 4th DCA 2014). In *Weissman*, a law firm representing the husband in an action for dissolution of marriage was ordered to disgorge assets the firm was holding for payment of the husband's attorney's fees, as part of the resolution of the wife's motion for temporary attorney's fees and costs. *Id.* We held that the law firm received inadequate notice and opportunity to be heard to satisfy due process:

> [T]he wife's motion did not suggest a need or intent to examine the reasonableness of the fees charged to the husband by the Firm. . . . [T]he Firm had no reason to believe that the trial court's proceedings . . . could result in a disgorgement of funds that the Firm was holding, or that the trial court would inquire into the appropriateness of [its] fees . . . . Because the Firm was not granted sufficient notice, its right to be heard was substantially hindered in that it was not given the opportunity to gather or present supporting evidence.

*Id.* at 330-31 (footnote omitted).

The present case is comparable to *Weissman*. Nothing in the motion to enforce the charging lien suggested the payment to successor counsel was at issue, nor did former counsel seek sanctions during the trial. Accordingly, because successor counsel was not provided with sufficient notice that its fee payment was at issue, much less subject to disgorgement, its right to be heard was substantially hindered.

We also agree with successor counsel that the trial court misconstrued the law in ruling that the total fee, divided between both firms, could not exceed 23%. "The proper basis for awarding attorney's fees to discharged attorneys and their successors is as follows: Discharged attorneys hired under a contingent fee contract are entitled to recover quantum meruit for their services, limited by the maximum fee allowable under the [the discharged attorney's] fee agreement." *Lubell v. Martinez*, 901 So. 2d 951, 952-53 (Fla. 3d DCA 2005). "A substituted attorney, however, is entitled to the full contingent fee provided for in the contract." *Id.* at 953 (citing

*Adams v. Fisher*, 390 So. 2d 1248, 1251 (Fla. 1st DCA 1980)).  A charging lien cannot attach to an attorney's fee judgment which is based on work another law firm did.  *Law Offs. of David H. Zoberg, P.A. v. Rosen*, 684 So. 2d 828, 829 (Fla. 3d DCA 1996).

"This rule ensures the client the right to discharge an attorney at any time with or without cause, while at the same time making a client responsible for his or her actions."  *Lubell*, 901 So. 2d at 953.  As the First District noted in *Adams*, "[a] client may end up paying fees in excess of the original contingent fee, once to the discharged attorney in quantum meruit and again to the substituted attorney on a new contingent fee contract[,]" but that "a client could contract to pay [the] second attorney a contingent fee less the fee due first attorney."  *Adams*, 390 So. 2d at 1251.

In *Jones & Granger v. Johnson*, 788 So. 2d 381 (Fla. 1st DCA 2001), the First District explicitly rejected the position taken by the trial court.  There, a former law firm sought to recover its fees via charging lien after the successor firm settled the case.  *Id.* at 382.  Dissatisfied with its quantum meruit award, the former firm appealed, arguing "that the trial court should have divided the 25% contingent fee between it and [the successor firm] in proportion to the services each provided in obtaining the settlement[.]"  *Id.* at 383.  The First District disagreed, holding that the former firm had no claim against the contingent fee owed to the successor firm, but was simply entitled to a fee based upon quantum meruit.  *Id.* The First District explicitly found its opinion to be consistent with *Rosenberg v. Levin*, 409 So. 2d 1016 (Fla. 1982), noting that *Rosenberg* only addressed former counsel's recovery and did not set a ceiling for successor counsel as well.  *Jones & Granger*, 788 So. 2d at 383-84.  The First District also found that *Afrazeh v. Miami Elevator Co. of America*, 769 So. 2d 399, 402 (Fla. 3d DCA 2000), was distinguishable because in that case, the client explicitly contracted with counsel to split the contingency fee with former counsel.  *Jones & Granger*, 788 So. 2d at 384.

Former counsel cites *Afrazeh* as support for the trial court's division of fees.  But in this case, as in *Jones & Granger*, there is no evidence that either firm agreed to split the contingency fee.  In the absence of an agreement to split successor counsel's contingency fee, the trial court could not reduce successor counsel's fee to allocate it to former counsel.

Accordingly, the trial court erred as a matter of law in holding the total fee amount was limited by the maximum amount allowed under either contingency fee agreement.  The trial court likewise erred in holding successor counsel "improperly burdened [the client] with the cost of defending the lien."

8

*Conclusion*

Based on the foregoing, the final judgment is affirmed as to the rulings pertaining to the award of fees to former counsel under its charging lien. It is reversed as to the disgorgement of fees and costs paid to successor counsel, and remanded for entry of a revised final judgment consistent with the foregoing.

On remand, the trial court shall remove all mention of successor counsel's disgorgement of fees and costs, as well as any adjudication of successor counsel's right to fees. This opinion does not disturb the trial court's determination of former counsel's entitlement to fees and costs, or the amount due to former counsel from the settlement funds. Nor does this opinion disturb the clients' liability to former counsel for any fees or costs associated with pursuing the charging lien. This opinion also does not disturb any agreement between the clients and successor counsel to reimburse the clients for fees and costs the clients incurred in defending against the charging lien.

*Affirmed in part, reversed in part, and remanded with instructions.*

KLINGENSMITH, C.J., and FORST, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***