DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TRAVIS PALMER** and
**COFFEY TRIAL LAW**,
Appellants,

v.

**THE FELICETTI LAW FIRM, PLLC,** et al.,
Appellees.

No. 4D2023-0493

[February 21, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Keathan B. Frink, Judge; L.T. Case No. CACE-19-025931.

Samuel Coffey of Coffey McPharlin Trial Lawyers, Fort Lauderdale, for appellants.

Jason Tenenbaum of Tenenbaum Law Group, PLLC, Coral Gables, for appellee The Felicetti Law Firm, PLLC.

DAMOORGIAN, J.

Appellants, Travis Palmer ("the client") and Coffey Trial Law ("successor counsel"), appeal the final order awarding The Felicetti Law Firm, PLLC ("former counsel") a charging lien in the amount of $110,000. Appellants raise several arguments on appeal, only one of which warrants reversal. Appellants argue the trial court awarded former counsel a charging lien in excess of the amount provided for in former counsel's retainer agreement. We agree and reverse for the limited purpose of reducing the charging lien amount.

Former counsel initially represented the client in the underlying personal injury lawsuit. Per the retainer agreement, the client agreed to pay former counsel "40% of any recovery up to $1 million through the time of the trial of the case." The retainer agreement also included the following provision regarding payment in the event former counsel was discharged:

> I reserve the right to discharge my attorney at any time. If I discharge my attorney, I agree to compensate him for his services rendered through the date of discharge, as well as reimburse him for the costs expended in handling my case. *If I discharge my attorney, he shall be entitled to the same percentages of any recovery as noted above based on the last settlement offer prior to his discharge, or based on the verdict or award if a verdict or award has been rendered prior to the attorney's discharge.* If no settlement offer has been made or no verdict or award been rendered, then the attorney shall be entitled to an attorney's fee based on the reasonable value of his services rendered through the date of discharge.

(emphasis added).

The personal injury case proceeded to mediation during which the defendants offered a $200,000 settlement. The client rejected the offer. A few weeks later, the client sent former counsel a termination letter. Former counsel then promptly filed a charging lien.

The client thereafter hired successor counsel pursuant to another contingency fee agreement. A few months later, the parties in the underlying personal injury case settled for $550,000. From that amount, the trial court determined successor counsel was entitled to a net contingency fee of $220,000.

Following the charging lien hearing, the trial court awarded former counsel a $110,000 charging lien. The court also ordered the charging lien be paid out of the $220,000 contingency fee award secured by successor counsel, thereby leaving successor counsel with a contingency fee of $110,000.[1] This appeal follows.

As we recently reiterated in *Perlman, Bajandas, Yevoli & Albright, P.L. v. Atlas Holding Corp.*, "[d]ischarged attorneys hired under a contingent fee contract are entitled to recover quantum meruit for their services, *limited by the maximum fee allowable under the [the discharged attorney's] fee*

---

[1] One of Appellants' arguments on appeal is that the trial court erred in reducing successor counsel's contingency fee to allocate for former counsel's fees. Although we agree that was error, *see Perlman, Bajandas, Yevoli & Albright, P.L. v. Atlas Holding Corp.*, 48 Fla. L. Weekly D1791, D1794 (Fla. 4th DCA Sept. 6, 2023) ("In the absence of an agreement to split successor counsel's contingency fee, the trial court could not reduce successor counsel's fee to allocate it to former counsel."), the issue is not preserved for appellate review.

*agreement.*" 48 Fla. L. Weekly D1791, D1793 (Fla. 4th DCA Sept. 6, 2023) (emphasis added) (second alteration in original) (quoting *Lubell v. Martinez,* 901 So. 2d 951, 952–53 (Fla. 3d DCA 2005)); *see also Levin v. Rosenberg,* 372 So. 2d 956, 958 (Fla. 3d DCA 1979) (holding, in the context of a quantum meruit fee award, that "in no event can [an attorney] recover more for his services than the maximum amount he himself has set on those services by contract").

In the present case, former counsel's retainer agreement entitled it to 40% of the last settlement offer obtained prior to discharge. As the only settlement offer obtained by former counsel prior to discharge was for $200,000, the maximum fee allowable under former counsel's retainer agreement was $80,000, not $110,000 as awarded. Accordingly, we reverse and remand for the limited purpose of reducing the charging lien amount to $80,000.

*Affirmed in part, reversed in part, and remanded.*

WARNER and FORST, JJ., concur.

\*        \*        \*

**Not final until disposition of timely filed motion for rehearing.**

3